## ANGELA KOLANIAK *v.* BOARD OF EDUCATION OF THE CITY OF BRIDGEPORT ET AL.
### (10204)

DUPONT, C. J., NORCOTT and LAVERY, Js.

Argued February 20—decision released July 14, 1992

*Robert G. Zanesky,* associate city attorney, with whom were *William Skiptunas* and *Mark Tagliatela,* legal interns, and, on the brief, *Barbara Brazzel-Massaro,* city attorney, for the appellants (defendants).

*Vincent M. Zanella, Jr.,* with whom was *Wayne W. Schmidt,* for the appellee (plaintiff).

LAVERY, J. The defendants[1] appeal from the judgment rendered, after a jury trial, awarding $67,000 to the plaintiff. On appeal, the defendants claim that the trial court improperly charged the jury in that it failed to instruct on (1) the special defense of governmental immunity, (2) the status of the plaintiff while present on school property, and (3) the duty and standard of care the defendants owed to the plaintiff. We affirm the judgment of the trial court.

The jury could reasonably have found the following facts. The plaintiff was a student in an adult education program for which classes were held at Central High School in Bridgeport. On January 25, 1985, the plaintiff arrived on school grounds at approximately 7:15 p.m. At that time, it had begun to snow, and the plaintiff noticed patches of ice along the walkway leading to the classroom building. At approximately 9:15 p.m., the plaintiff was leaving the class. Although she noticed that the entire walkway was covered with snow, she continued down the walkway. She subsequently slipped and fell on an accumulation of snow or ice on the walkway. The plaintiff suffered physical injuries from the fall and commenced this action.[2]

---

[1] The plaintiff's original complaint named, as defendants, Frank Kennedy, mechanic in charge of school maintenance for the city of Bridgeport; Walter Chop, director of school facilities for the city of Bridgeport; Eugene Plude, head of maintenance staff at Central High School; John Domeracki, supervisor of night custodial staff at Central High School; Al McManus, night custodian at Central High School; and the city of Bridgeport.

After the testimony at trial had ended, however, the case was withdrawn as to Walter Chop, Al McManus and the city of Bridgeport by stipulation of the parties.

[2] The plaintiff's complaint was in three counts. The first count alleged negligence against Kennedy, Plude, Domeracki and McManus. The second count alleged that the Bridgeport board of education was delegated to pay any judgment rendered against the defendants in the first count pursuant to General Statutes § 10-235. The third count alleged that the city of Bridgeport was delegated by General Statutes §§ 7-101a and 7-465 to pay any judgment rendered against the defendants in the first count. See *Kaye* v. *Manchester*, 20 Conn. App. 439, 443–44, 568 A.2d 459 (1990).

Prior to the winter months, the board of education had issued a bulletin to all custodians and maintenance personnel in Bridgeport indicating that the walkways were to be inspected and kept clean on a daily basis. The defendants John Domeracki and Eugene Plude were on duty as maintenance workers the night the plaintiff fell. While on duty, it was their responsibility to keep walkways clear of snow and ice. Although there were shovels kept on the school grounds for snow removal and a supply of salt and sand, there was no evidence that the walkway in question had been shoveled, salted or sanded prior to the plaintiff's fall.

Plude testified that if precipitation fell on the walkways and began to freeze, maintenance staff would put down salt and sand to keep snow and ice from accumulating at a rapid rate. On the date of the plaintiff's fall, however, neither Domeracki nor Plude could recall putting down any sand or salt.

The defendants first claim that because the defense of governmental immunity is a question of fact, it was improper for the trial court to have charged the jury that governmental immunity was not applicable to the case as a matter of law.[3]

Connecticut appellate courts have previously approved the practice of deciding the issue of governmental immunity as a matter of law. *Gordon* v. *Bridgeport Housing Authority,* 208 Conn. 161, 170, 544 A.2d

---

[3] The trial court instructed the jury, in part, that "the defendant alleged that the operation and maintenance of this entrance to the school [provides the basis for] governmental immunity. I say to you, ladies and gentlemen, that the government in running the education and other policymaking, the board of education running the school and other—making other policy arrangements for the students does not include the maintenance of removing snow or ice or sanding. It is a ministerial act. It is not an act that is an every day discretion of the board of education. So, therefore, you will and must disregard that in your consideration against the plaintiff as alleged by the defendant."

1185 (1988).[4] In *Gordon,* for example, the court concluded that "the general deployment of police officers is a discretionary governmental action as a matter of law." Id., 180.[5]

"A municipality's potential liability for its tortious acts is limited by the common law principle of governmental immunity. *Ryszkiewicz* v. *New Britain,* 193 Conn. 589, 593, 479 A.2d 793 (1984). Government immunity, however, is not a blanket protection for all official acts. For example, a municipality is immune from liability for the performance of governmental acts as distinguished from ministerial acts. . . . (Citations omitted.) *Gordon* v. *Bridgeport Housing Authority,* [supra, 167.]" (Internal quotation marks omitted.) *Heigl* v. *Board of Education,* 218 Conn. 1, 4-5, 587 A.2d 423 (1991).[6] " 'Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. . . . On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action.' (Citations omitted.)

[4] We acknowledge, however, that there is also authority that supports the plaintiff's claim that whether an act is discretionary or ministerial is a question of fact for the jury. " 'Whether the act complained of . . . [are] governmental or ministerial is a factual question which depends upon the nature of the act complained of. . . .' *Gauvin* v. *New Haven,* 187 Conn. 180, 186, 445 A.2d 1 (1982)." (Citations omitted.) *Couture* v. *Board of Education,* 6 Conn. App. 309, 311, 505 A.2d 432 (1986).

[5] Also, in *Evon* v. *Andrews,* 211 Conn. 501, 507, 559 A.2d 1131 (1989), the court concluded that the trial court's granting of the defendant's motion to strike the plaintiff's negligence count was proper because the defendant's acts were governmental, not ministerial. Similarly, in *Shore* v. *Stonington,* 187 Conn. 147, 154, 444 A.2d 1379 (1982), the court concluded that summary judgment for the defendant was proper because the defendant's acts were not ministerial nor did they subject an identifiable victim to imminent harm. See footnote 7, infra.

[6] We note that "distinctions between discretionary acts and ministerial acts are often controlling without regard to whether the duty is ascertained to be public or private." *Gordon* v. *Bridgeport Housing Authority,* 208 Conn. 161, 170, 544 A.2d 1185 (1988).

*Gauvin* v. *New Haven,* 187 Conn. 180, 184, 445 A.2d 1 (1982)." *Heigl* v. *Board of Education,* supra, 5. Generally, liability may attach for a negligently performed ministerial act, but not for a negligently performed governmental or discretionary act. *Gordon* v. *Bridgeport Housing Authority,* supra, 167–68.[7]

The defendant asserts that because Domeracki and Plude had the responsibility of deciding whether there was sufficient accumulation to begin clearing the walkways, they were performing a discretionary function, and that, therefore, the jury should have decided whether the doctrine of governmental immunity applied. A determination as to when to clear a sidewalk, however, is not a discretionary function. Every voluntary physical act necessarily requires some sort of preceding thought process and decision by the actor. In the present case, the board of education's bulletin to all custodians and maintenance personnel was clear—they were to keep the walkways clear of snow and ice. We will not equate the act of clearing snow and ice by maintenance workers, in accordance with a directive by the policymaking board of education, with the policy decisions that are usually afforded protection by the doctrine of governmental immunity. We conclude that it was proper for the trial court to have decided that Domeracki and Plude were involved in a

---

[7] Even if an act is governmental or discretionary, liability may nevertheless attach: "first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm; see, e.g., *Sestito* v. *Groton,* 178 Conn. 520, 528, 423 A.2d 165 (1979); second, where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws; see, e.g., General Statutes § 7-108 creating municipal liability for damage done by mobs; and third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence. See, e.g., *Stiebitz* v. *Mahoney,* 144 Conn. 443, 448–49, 134 A.2d 71 (1957)." *Evon* v. *Andrews,* 211 Conn. 501, 505, 559 A.2d 1131 (1989).

ministerial function as a matter of law. The refusal to charge on the doctrine of governmental immunity, therefore, was proper.

The defendants next claim that the trial court improperly failed to charge on the status of the plaintiff in relation to her presence on school property. "Ordinarily, the status of one who sustains injury while upon the property of another is a question of fact. . . . Where, however, the facts essential to the determination of the plaintiff's status are not in dispute, a legal question is presented." (Citations omitted.) *Roberts* v. *Rosenblatt,* 146 Conn. 110, 112, 148 A.2d 142 (1959); *Morin* v. *Bell Court Condominium Assn., Inc.,* 25 Conn. App. 112, 115, 593 A.2d 147, cert. granted on other grounds, 220 Conn. 908, 597 A.2d 334 (1991).

A public invitee is a person who is invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public. 2 Restatement (Second), Torts § 332. "Although an invitation in itself does not establish the status of an invitee, it is essential to it." *Corcoran* v. *Jacovino,* 161 Conn. 462, 466, 290 A.2d 225 (1971). In this case, it is undisputed that the plaintiff was invited onto school grounds as a student in an adult education class. As such, she was a public invitee because she was invited to enter or to remain on the land as a member of the public for a purpose for which the land was held open to the public. 2 Restatement (Second), Torts § 332; see *Corcoran* v. *Jacovino,* supra, 465. It is clear from the facts presented that her status is that of an invitee. The trial court's charge to the jury, although not specifically labeling the plaintiff an invitee, defined the duty that the defendants' owed to her. Because the court properly set forth that duty, its failure specifically to set forth the plaintiff's status is not harmful error.

Finally, the defendants claim that the trial court improperly failed to charge on the duty and standard of care that the defendants owed to the plaintiff. Our review of the record reveals that the court did in fact properly charge on the duty and standard of care.[8] Because the plaintiff was an invitee, the defendants were under a duty to use reasonable care to maintain the premises in a reasonably safe condition. *Warren v. Stancliff*, 157 Conn. 216, 218, 251 A.2d 74 (1968). After a review of the jury charge, we conclude that the trial court's charge adequately defined the duty that the defendants owed to the plaintiff.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[8] The court instructed in part: "Now, ladies and gentlemen, the question for you is . . . [w]ould the ordinarily prudent person in the defendants' position, knowing what they know or should have known, anticipated that harm of the general nature of that suffered by the plaintiff was likely to result. . . . [A] *place must be reasonably protected against defects or dangers that may be in existence and may be anticipated that injury may result if that defect is not corrected or repaired.*" (Emphasis added.)