[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff brought this action under General Statutes section 13a-149 after slipping and falling in a parking lot owned and maintained by the defendant. On July 14, 1992, the plaintiff filed a motion to strike the defendant's second special defense alleging governmental immunity. The plaintiff claims that it is legally insufficient as a matter of law because section 13a-149
waives governmental immunity in the case of defective highways and bridges.
A motion to strike may be used to test the legal sufficiency of a complaint or any count therein to state a claim upon which relief can be granted. Practice Book sec. 152 (1); see also Ferryman v. Groton, 212 Conn. 138, 142. Furthermore, the motion to strike is the proper vehicle to challenge the "legal sufficiency of any answer to any complaint, counterclaim or cross-claim, or any part of that answer including any special defense contained therein. . . ." Practice Book sec. 152 (5); see also Passini v. Decker, 39 Conn. Sup. 20, 21. All well pleaded facts in a contested pleading are deemed admitted, and should be construed in a light most favorable to the non-moving party. Rowe v. Godou, 209 Conn. 273, 278. When considering a motion to strike "'[t]he allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them; and if facts provable under the CT Page 10719 allegations would support a defense or a cause of action, the . . . [motion to strike] must fail.'" (Citations omitted.) Ferryman v. Groton, supra.
At short calendar the plaintiff argued that the clearing of ice and snow is, as a matter of law, a ministerial function that is not afforded the protection of governmental immunity. The defendant posits that the statute should be strictly construed; that a parking lot does not fall within its parameters and that such an expansive reading would abrogate the general rule that a municipality is immune from liability for governmental functions. Ryszkiewicz v. New Britain, 193 Conn. 589, 593.
However, governmental immunity "is not a blanket protection for all official acts." Koleniak v. Board of Education, 28 Conn. App. 277,280. Although a municipality is immune from liability in its performance of governmental acts, it is not immune from liability in its performance of ministerial acts. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 167. A governmental act is one performed for the benefit of the public and is supervisory of discretionary in character. Gauvin v. New Haven, 187 Conn. 180, 184. On the other hand a ministerial act is one which is performed without any exercise of judgment or discretion in a prescribed manner. Id. Accordingly, "liability may attach for a negligently performed ministerial act, but not for a negligently performed governmental or discretionary act. (citations omitted) . . . A determination as to when to clear a sidewalk . . . is not a discretionary function. "Koleniak v. Board of Education, supra 281. The court concluded that clearing ice and snow was, as a matter of law, a ministerial function and thus not protected by the doctrine of governmental immunity. Id. 281-282.
Kolaniak can be distinguished because the plaintiff in the present case slipped and fell in a parking lot, unlike the plaintiff in Kolaniak who slipped and fell on a sidewalk on school grounds. The plaintiff in Kolaniak did not bring suit pursuant to section 13a-149
whereas in the instant case the plaintiff asserts this section as her sole remedy. Furthermore a parking lot is not a public highway within the meaning of General Statutes section 13a-149.
Section 13a-149 provides that "[a]ny person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. . . ." "The only time[s] a Connecticut court has been faced with the decision whether to apply section 13a-149 to parking lots, it has decided not to do so." Appleton v. Kendra, 6 CSCR 1021, 1022 (October 22, 1991, CT Page 10720 Hennessey, J.); see also Alfano v. Town of Litchfield, 6 CTLR 303 April 13, 1992, Pickett, J.); Rotella v. City of Waterbury,4 CSCR 544 (May 31, 1989, Langenbach, J.) In Rotella v. City of Waterbury, supra, the court used statutory construction and reasoned that a parking lot was not within the purview of General Statutes section13a-149. The court stated that "[s]tatutes that abrogate or modify governmental immunity are to be strictly construed." Id., 545, citing Rawling v. New Haven, 206 Conn. 100, 105. "General Statutes section14-212 (5) defines a parking area as `. . . lots, areas, or other accommodations for the parking of motor vehicles off the street or highway and open to public use with or without charge.'" Id. Thus, the court determined that "[p]arking lots maintained by municipalities do not come within the purview of section 13a-149, and a suit for damages under General statutes 13a-149 is not a legally sufficient cause of action. . . ." Id.
For the foregoing reasons the plaintiff's motion to strike the defendant's second special defense is denied.
LEHENY, J.