[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
This is an action arising out of a drowning which allegedly occurred on June 25, 1989, in Bunnel's Pond, which is located in Beardsley Park, Bridgeport. On September 6, 1991, Margarita Roman as administratrix of the estate of Heriberto Rivera, filed a two count complaint against both the city of Bridgeport (hereinafter "the City") and its Superintendent of Parks, Philip Handy, which was amended on April 29, 1992. Count one is against Handy for negligence in causing the death of plaintiff's decedent. Count two is against the City for indemnification pursuant to General Statutes 7-465.
Plaintiff alleges that the death of plaintiff's decedent was caused by the negligence of Handy in that he (1) failed to take steps to protect persons from the extremely dangerous conditions existing in the water; (2) failed to ensure that all fences were repaired, thereby preventing young persons such as the plaintiff, from getting into the pond area; (3) failed to request additional police to patrol the pond area; (4) failed to have guards or lifeguards to protect against the pond's risk to young people and its dangerous swimming conditions (5) failed to have park personnel at the pond site to enforce park CT Page 6772 rules; and (6) failed to inform the public of the extreme danger existing in the pond.
Defendants filed an answer and three special defenses on May 20, 1992. In the first special defense, defendants allege contributory negligence. The second special defense, alleges that the decedent was a trespasser. In their third special defense, defendants assert that they are immune from liability under General Statutes 52-557g, the recreational land use statute. Plaintiff filed a reply to defendants' special defenses on May 27, 1992.
On April 19, 1993, defendants moved for summary judgment on the grounds that plaintiff's claim is barred by the recreational land use statute and governmental immunity. In support of their motion for summary judgment, defendants submitted a memorandum of law and an affidavit sworn by Philip Handy.
Plaintiff filed a memorandum of law in opposition to defendant's motion for summary judgment in which plaintiff asserts that there exist genuine issues of material fact. In its memorandum, plaintiff contends that the area in question was not available to the public for recreational use and that governmental immunity is no defense because the failure to repair a fence is a ministerial act. Attached to plaintiff's memorandum of law is an affidavit sworn by Anthony Santone, who was present at the accident scene and photographs depicting a fence around the area in which the decedent had allegedly been swimming. By way of Santone's affidavit, plaintiff established a proper foundation for the court's consideration of the photographs.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Practice Book 384." Nolan v. Borkowski, 206 Conn. 495, 500,538 A.2d 1031 (1988). "The party moving for summary judgment bears the burden of proving the absence of a dispute as to any material fact." (Citation omitted.) Id. "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Citation omitted.) Dougherty v. Graham, 161 Conn. 248, 250, 287 A.2d 382 (1971). CT Page 6773 When ruling on a motion for summary judgment, "the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." (Citation omitted.) Nolan v. Borkowski, supra.
Defendants assert that they are immune from liability pursuant to General Statutes 52-577g which bars an action against the owner of land who makes the land available for recreational use. General Statutes 52-577g provides in pertinent part:
 (a) an owner of land who makes all or any part of the land available to the public without charge, rent, fee or other commercial service for recreational purposes owes no duty of care to keep the land, or the part thereof so made available, safe for entry or use, structure or activity on the land to persons entering for recreational purposes.
(Emphasis added.) The immunity provided under the recreational land use statute extends to municipalities and to municipal employees. Manning v. Barenz, 221 Conn. 256, 260, 603 A.2d 399
(1992). Moreover, as long as the landowner makes the land available for some recreational purposes, immunity is provided even where the plaintiff is engaging in a prohibited activity. Jennet v. United States, 597 F. Sup. 100, 113 (D. Conn. 1984) (recovery is barred where the plaintiff drowns in a reservoir which prohibits swimming, but is open to the public for fishing and boating); see also Genco v. Connecticut Light 
Power Co., 7 Conn. App. 164, 168 508 A.2d 58 (1986). Moreover, the recreational land use statute is applicable even where one must trespass in order to gain access to the land which is open to the public. Genco v. Connecticut Light 
Power Co., supra.
In Genco v. Connecticut Light Power Co., supra, the court held that the lake in question was within the purview of General Statutes 52-577g although certain areas of the lake were restricted in use (i.e, no swimming signs were posted near a dangerous waterfall) and access to certain portions of the lake required one to trespass in order to gain access to the lake. The court in Genco, supra, noted the following: CT Page 6774
 For the court to hold that the plaintiff's accident "falls outside the statute would have the effect of discouraging landowners from opening their lands for any public use free of charge. It would require that a landowner either open up his land for all purposes, or greatly increase the number of security personnel to ensure that only permitted uses occur in order to secure the protection of the statute." . . . [Moreover,] the fact that, at other points on the perimeter of the lake, one must trespass in order to gain access to the lake, does not remove the lake from the purview of the statute.
(Emphasis in the original.) Id., 169 quoting Jennet v. United States, supra, 113.
In Jennet v. United States, supra, 112, the court stated that "[t]he only limitation expressed within the statute is that if a landowner opens any part of his land to the public, he then owes no duty of care to others for that geographical part so made available." (Emphasis added.)
However, there may be no immunity where an alleged incident occurs on the part of the land which is not open to the public. The distinguishing factor is whether the land in question is open to the public for any type of recreational purposes or whether it is completely closed off to the public.
In the present action, defendants submitted an affidavit by Philip Handy which states that "[a]lthough Bunnel's Pond is not open for swimming . . . and no swimming signs are posted, Bunnel's Pond is a part of Beardsley Pond at which other recreational purposes are allowed including but not limited to viewing." "Viewing" is the only recreational purpose" specifically noted. Plaintiff disputes defendant's assertion that Bunnel's Pond is available for recreational purposes and in support thereof, plaintiff submitted an affidavit by Anthony Santone. Santone states that "the area of the dam from which plaintiff's decedent was swimming was not open to the public for CT Page 6775 recreational purposes but rather was fenced in as depicted . . . by the photographs." Although the photographs submitted by plaintiff do not clearly establish whether the area in question was completely fenced in, the defendant's have not met their burden in establishing that Bunnel's Pond was available to the public for recreational purposes.
Defendants also assert that governmental immunity bars plaintiff's action. Plaintiff contends that governmental immunity is not available as the maintenance of a protective fence is a ministerial duty rather than a discretionary duty.
 A municipality's potential liability for its tortious acts is limited by the common law principle of governmental immunity. . . . Governmental immunity, however, is not a blanket protection for all official acts. For example, a municipality is immune from liability for the performance of governmental acts as distinguished from ministerial acts. . . . Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. . . . On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action. . . . Generally, liability may attach for a negligently performed ministerial act, but not for a negligently performed governmental or discretionary act.
(Internal citations and quotations marks omitted.) Kolaniak v. Board of Education, 28 Conn. App. 277, 610 A.2d 193 (1992).
Although the existence of a duty is a question of law, Gordon v. Bridgeport Housing Authority, 208 Conn. 161,544 A.2d 1185 (1988); the parties hereto do not dispute the existence of a duty, but rather disagree as to whether the duty owed to the plaintiff was governmental or ministerial. "`Whether the acts complained of . . . [are] governmental or ministerial is a factual question (Citations omitted.) Couture v. Board of Education, CT Page 67766 Conn. App. 309, 311, 505 A.2d 432 (1986).
Defendants assert that the maintenance of a park is a governmental duty, while plaintiff contends that the repair of a fence is a ministerial duty. Neither party has submitted any evidence in support of their position.
Therefore, defendants have not met their burden of establishing that the acts complained of are governmental or discretionary. Accordingly, there remains a question of fact as to whether governmental immunity bars plaintiff's claim.
Defendant's motion for summary judgment is denied as there exists a genuine issue of material fact as to whether the pond was available to the public for recreational purposes and whether the duty owed to plaintiff was governmental or ministerial.
BALLEN, JUDGE