[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO SET ASIDE
In this case, the court directed a verdict in favor of the defendant on the ground that the defense of governmental immunity applied, and the plaintiff has moved to set the verdict aside.
Factually, the plaintiff was a student at Central High School in Bridgeport, and was participating in junior varsity basketball practice after school hours. Another student participating in basketball practice had brought a gym bag containing a loaded gun into the gym and had placed the bag on one of the bleacher seats in the gym. The bag, somehow, fell onto the floor causing the gun to discharge resulting in a bullet striking the plaintiff in the hip and thigh.
Under directives issued by the Bridgeport Board of Education, the defendant, Richard Mayer, principal of the school, was obligated to establish and maintain measures and procedures to enhance the safety and security of pupils, staff personnel and the plant. This directive left the matter of security up to the discretion of the principal. Counsel for the plaintiff, however, argues that since the principal did nothing to implement such directive, he was negligent in the performance of a ministerial act. He cites as authority the case ofKolaniak v. Board of Education, 28 Conn. App. 277.
Counsel's reliance on the Kolaniak case is misguided. He claims this case as authority for the proposition that governmental immunity is a question of fact for the jury to decide, hence, this court should not have directed a verdict for the defendant on the ground of governmental immunity. CT Page 12036
Our appellate courts have approved the practice of deciding the issue of governmental immunity as a matter of law.Kolaniak, supra, at pg. 279. It is only when ministerial acts not involving discretion are concerned that issues of fact are presented. Ministerial acts are defined as those "performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action." Kolaniak, supra at pg. 280.
The Kolaniak case involved a board of education bulletin to all custodians and maintenance personnel to keep school walkways clear of snow and ice. The Kolaniak court determined that this was an administerial act. It went on to say that it would "not equate the act of clearing snow and ice by maintenance workers, in accordance with a directive by the policy making board of education, with the policy decisions that are usually afforded protection by the doctrine of governmental immunity." Kolaniak
at pg. 281.
The directive of the board of education in this case, directing principal Mayer to establish and maintain measures and procedures to enhance the safety and security of pupils, staff personnel and the plant, involved such policy making decisions. The principal was not ordered to perform anything in a prescribed manner, without the exercise of judgment or discretion as to the propriety of the action. Hence, the defense of governmental immunity was a question of law, and not one of fact for the jury to decide.
The motion to set aside the verdict is denied.
BELINKIE, JUDGE-REFEREE