[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO SET ASIDE VERDICT AND FOR NEW TRIAL
The plaintiff, Doris Beach, brought this action against CT Page 4519 Regional School District No. 13, Howard Kelley, superintendent of schools for Regional School District No. 13, Leo Baker, supervisor of building and grounds for the school district, and Donald Harris, acting head custodian at Coginchaug High School, for personal injuries sustained when she fell on ice while walking into Coginchaug High School where she was employed as a food service worker. The defendant interposed a special defense of governmental immunity. The jury returned verdicts in favor of defendants Kelley, Harris and Baker. On each defendant verdict form the jury foreperson noted that the defendant was not liable due to governmental immunity.
The plaintiff has moved to set aside the verdict and for a new trial based on her claim that the jury could not have found that Leo Baker was performing a discretionary duty, and should have found as a matter of law that Baker's supervision of custodians on the day of the plaintiff's fall constituted a ministerial duty.
A municipality was generally immune from liability for its tortious acts at common law. Ryszkiewicz v. New Britain, 193 Conn. 589,593, 479 A.2d 793 (1984). "A municipality is immune from liability for the performance of governmental acts as distinguished from ministerial acts. Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. . . . On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action." Gauvinv. New Haven, 187 Conn. 180, 184, 445 A.2d 1 (1982).
A municipality may be liable for a discretionary act if the act fits into one of the narrow exceptions outlined in Shore v.Stonington, 187 Conn. 150, 444 A.2d 1379 (1982). In Shore the court considered whether the plaintiff, whose decedent was killed by a drunk driver who had been stopped, but not arrested by a police officer, had a cause of action in negligence against the town. The trial court granted the town's motion for summary judgment, finding that the police officer owed no specific duty to the plaintiff's decedent. The Supreme Court affirmed.
In Sestito v. Groton, 178 Conn. 520, 423 A.2d 165 (1979) a police officer saw a group of men drinking in a parking lot. The officer witnessed an argument and a scuffle among the men as he drove by the parking lot. The officer took no steps to intervene in the scuffle and a short time later one of the men was shot and killed. The trial court directed a verdict for the defendants. The CT Page 4520 Connecticut Supreme Court found that under Connecticut General Statutes 7-108 the defendant had liability to persons injured by "any mob, riotous assembly or assembly of persons engaged in disturbing the public peace," if they had not exercised reasonable care to prevent or suppress the riotous assembly. The court held that "whether a public official's constant general duty to the public has, in addition, subsumed a specific duty to the individual claiming injury," should have been left to the jury.178 Conn. at 528. In both Shore and Sestito the governmental acts at issue were held to be discretionary.
In Burns v. Board of Education, 228 Conn. 640, 638 A.2d 1
(1994) the Court held that as a matter of law the doctrine of governmental immunity did not apply to the principal of a school in an action brought against him by a student who had slipped on ice while walking to a class. The basis of the holding in Burns was the "foreseeable victim" exception to the doctrine of governmental immunity. The plaintiff does not rely on that exception in this case. Rather, she claims that Baker misperformed a ministerial, as opposed to a discretionary duty and, therefore, is not entitled to immunity from suit.
The plaintiff relies on the case of Kolaniak v. Board ofEducation, 28 Conn. App. 277, 610 A.2d 193 (1992). In Kolaniak the jury returned a verdict in favor of the plaintiff, who slipped on the ice when she was attending adult education classes at a high school. On appeal the defendants claimed that the court erred in failing to charge on the doctrine of governmental immunity. The Court held that the duty to keep the sidewalk free of snow and ice was a ministerial, rather than a discretionary duty and, therefore, the trial court was correct in not charging on governmental immunity.
In Kolaniak the Court relied on a bulletin which the board of education had issued to all custodians and maintenance personnel in Bridgeport indicating that school walkways were to be inspected and kept clean on a daily basis. The defendant custodians had not taken any action to clear or sand the sidewalk on the day of the plaintiff's fall.
In Burns the Court held that the maintenance of school sidewalks was generally a discretionary duty. Therefore, it appears that the holding in Kolaniak as to the ministerial nature of the duty of the defendants in that case must be limited to the facts of the case. CT Page 4521
The following is a summary of the evidence in the present case. Leo Baker was in charge of overseeing the buildings and grounds for the school district which encompassed approximately five buildings over three separate locations. Baker also supervised head custodians at each school in the district. Baker established policies and procedures for snow removal and sanding at the schools within the district. He was also responsible for staffing and determining overtime for the custodial staff. The board of education did not prescribe the manner in which Baker carried out his duties. That was left to his judgment and discretion.
On the day and evening before the plaintiff fell there had been an ice storm. Snow again began falling during the morning of the plaintiff's fall. At some point during his morning rounds of the district school buildings, Baker determined that the superintendent should order a school delay and a two hour delay was ordered by the superintendent, Howard Kelley.
Baker's general policy after an ice storm was to request the head custodian and other custodians at Coginchaug High School to report to work two hours early to begin sanding and salting the sidewalks. On the day of the plaintiff's fall he did not request the custodians to report to work early.
On the morning of the plaintiff's fall, the custodians at Coginchaug High School followed their usual procedure of salting and sanding the south side walk first and then salting and sanding the north sidewalk. The reason for that procedure was that the first people to arrive at the high school each day were the custodians and the food service workers, who entered the building on the south side. The plaintiff was a food service worker. However, she preferred to park on the north side of the building because several years earlier her car had been vandalized while it was parked on the south side. She parked on the north side on the day of her fall. The custodians had not yet reached the north side with salt or sand. The plaintiff slipped on the ice and fell.
Based on the foregoing, the jury could have found that the duties of Mr. Baker in supervising the custodians at Coginchaug High School were discretionary and that, therefore, he was protected by governmental immunity. In considering a motion to set aside the verdict the court must determine whether the evidence, viewed in the light most favorable to the prevailing party, CT Page 4522 reasonably supports the jury's verdict. Coelho v. Posi-SealInternational, Inc., 208 Conn. 106, 112, 544 A.2d 170 (1988). Viewed in a light most favorable to the defendants, the evidence clearly supported the jury's verdict.
The plaintiff also claims that the verdict should be set aside due to various errors made by the court with respect to evidentiary issues. The court ruled on those evidentiary issues during the course of the trial and sees no need to discuss those rulings any further.
For the foregoing reasons, the Motion to Set Aside the Verdict and Motion for a New Trial are denied.
By the Court,
Aurigemma, J.