[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant City of Waterbury has moved to strike the plaintiffs' complaint on grounds as of governmental immunity.
The plaintiffs allege their son was struck on the nose during a high school soccer gym class when the Board of Education failed to provide more than one coach to supervise gym CT Page 13214 classes.
The court has construed the complaint in the light most favorable to the plaintiff because if any facts provable under the plaintiffs' allegations would support a cause of action, the motion to strike must be denied. S.M.S. Textile Mills, Inc. v.Brown, Jacobson, Tillinghast, Lahan King, P.C., 32 Conn. App. 786,796.
Construing the complaint most favorably to the plaintiffs, it is barred by the doctrine of governmental immunity because it alleges a discretionary negligently performed government act.
Generally, governmental immunity must be specially pleaded.Gauvin v. New Haven, 187 Conn. 180, 184, 445 A.2d 1 (1982). If, however, "it is apparent from the face of the complaint that the municipality was engaging in a governmental function while performing the acts and omissions complained of by the plaintiff, the defendant [is] not required to plead governmental immunity as a special defense and [may] attack the legal sufficiency of the complaint through a motion to strike." (Citation omitted.) Brown v. Branford, 12 Conn. App. 106, 111
n. 3, 529 A.2d 743 (1987).
"A municipality's potential liability for its tortious acts is limited by the common law principle of governmental immunity. Governmental immunity, however, is not a blanket protection for all official acts. For example, a municipality is immune from liability for the performance of governmental acts as distinguished from ministerial acts." (Citations omitted; internal quotation marks omitted.) Heigl v. Board of Education,218 Conn. 1, 4, 587 A.2d 423 (1991).
"Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. . . . On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action." Id., 5. "[L]iability may attach for a negligently performed ministerial act, but not for a negligently performed discretionary act."Kolaniak v. Board of Education, 28 Conn. App. 277, 280,610 A.2d 193 (1992).
"Neither the General Statutes nor our decisional law has ever stated that a board of education has a specific duty to CT Page 13215 supervise high school students. Even if such a duty exists,actions pursuant to such duty are discretionary if they areperformed wholly for the benefit of the public. . . . If the duty imposed . . . by the statute is of such a nature that the performance of it will affect an individual in a manner different in kind from the way it affects the public at large, the statute is one which imposes. . . a duty to the individual . . . . If on the other hand, no one individual [is affected] in a manner different from other members of the general public . . . [t]he duty imposed [is] public. . . ." (Emphasis added.) Id., 8.
Heigl is dispositive of this issue. The plaintiffs' claim against the city is founded upon allegations of inadequate supervision of students, and this duty, if it exists, is discretionary in nature because it affects all students in the same manner. Defendant's motion to strike the amended complaint is granted on the grounds of governmental immunity.
FLYNN, J.