[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
This action arises out of a slip and fall accident which occurred on February 1, 1994. In her two count complaint dated December 12, 1995, the plaintiff, Luz Guzman ["Guzman"] alleges that she slipped and fell at the Maria Sanchez School ["School"] when she went to retrieve her child after school. Guzman brings this action in negligence against the defendants, the City of Hartford and the City of Hartford Board of Education ["Board of CT Page 4034-AA Education"] for their failure to clear ice and snow from the walkways. On February 16, 1996, the Board of Education filed a Motion to Dismiss and Memorandum in Support on the grounds that as a municipality they cannot be sued. Guzman filed a Memorandum in Opposition on March 4, 1996.
The existence of a duty of care, an essential element of negligence, is a matter of law for the court to decide. Shore v.Stonington 187 Conn. 147, 151, 444 A.2d 1379 (1982). "A duty to act with reasonable care to prevent harm to a plaintiff which, if violated, may give rise to tort liability is based on a `special relationship' between the plaintiff and the defendant."(Citations omitted.) Neal v. Shiels, Inc., 166 Conn. 3, 12, 347 A.2d 102
(1974). "A duty to use care may arise from a contract, from a statute, or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act." Calderwood v. Bender, 189 Conn. 580,584, 457 A.2d 313 (1983). "The ultimate test of the existence of a duty to use care is found in the foreseeability that harm may result if it is not exercised." (Citation omitted; internal quotation marks omitted.) Frankovitch v. Burton,185 Conn. 14, 20-21, 440 A.2d 254 (1981). "Foreseeability in this context is a flexible concept, and may be supported by reasonable reliance, impeding others who might seek to render aid, statutory duties, property ownership or other factors. . . . Moreover, just as the doctrine of governmental immunity and its exceptions are the product of the policy considerations that aid the law in determining whether the interests of a particular type are entitled to protection. . . . so may evolving expectations of a maturing society change the harm that may reasonably be considered foreseeable." (Citations omitted; internal quotation marks omitted.) Burns v. Board of Education, 228 Conn. 640, 647,638 A.2d 1 (1994).
In Burns v. Board of Education of the City of Stamford,
supra, 228 Conn. 640, the plaintiff was a student who was injured in a fall on an icy high school courtyard during school hours. The plaintiff charged that the "defendant superintendent of schools was negligent in failing to ensure that the courtyard was properly salted and sanded and in failing to warn of the icy conditions existing in the courtyard." Id., 642. The board of Education argued that it was protected from suit by governmental immunity. The doctrine of governmental immunity has provided some exceptions to the general rule of tort liability for CT Page 4034-BB municipalities and their employees. "A municipal employee . . . has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act . . . The word "ministerial" refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion." (Citations omitted; internal quotation marks omitted.) Id., 645.
In Burns, the court discussed "[w]hether there is a `foreseeable class of victim' exception to the governmental immunity doctrine which would include students allegedly the victims of improper school maintenance.'" Id., 644. The court acknowledged that "[i]n delineating the scope of a foreseeable class of victims exception to governmental immunity, our courts have considered numerous criteria, including the imminency of any potential harm, the likelihood that harm will result from a failure to act with reasonable care, and the identifiability of the particular victim. . . . Other courts, in carving out similar exceptions to their respective doctrines of governmental immunity, have also considered whether the legislature specifically designated an identifiable subclass as the intended beneficiaries of certain acts. . . . whether the relationship was of a voluntary nature. . . . the seriousness of the injury threatened. . . . the duration of the threat of injury. . . . and whether the persons at risk had the opportunity to protect themselves from harm." (Citations omitted.) Id., 648.
The court ultimately held that "statutory and constitutional mandates demonstrate that school children attending public schools during school hours are intended to be the beneficiaries of certain duties of care." Id.
In Kolaniak v. Board of Education, 28 Conn. App. 277,610 A.2d 193 (1992) the plaintiff, a student in an adult education program held at Central High School in Bridgeport slipped and fell on a snow-covered walkway located on the school's grounds. The court held that "a determination as to when to clear a sidewalk . . . is not a discretionary function." Id., 281.
In the present case, this court extends the Burns holding and finds that a pedestrian-parent who is on school grounds to escort her child home is a `foreseeable victim' to which the school owes a duty of care. The board of education had a duty to ensure that schools cleared their walkways so that both children and their parents could traverse safely without fear of injury. Similar to CT Page 4034-CCBurns, here the icy condition was limited in duration and the potential harm from a fall on the ice was both `significant and foreseeable.'
Accordingly, the defendant's motion to dismiss is denied.