[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED APRIL 24, 1997
The defendants move to strike the complaint based upon the doctrine of governmental immunity.
On December 24, 1996, the plaintiff, Inez Ocasio-Maldonado, filed a nine-count complaint against the defendants, the Hartford fire department, the Hartford police department, and the City of Hartford. The plaintiff alleges that on December 1, 1994, "as she was standing on the sidewalk in the area of 273 Cotswold Street, Hartford, Connecticut, [she] became hopelessly ensnared in a flapping firehose which threw her to the ground causing her to sustain serious permanent injuries . . ." (¶ 6, Counts 1-9.)
The plaintiff alleges that her injuries were caused by the defendants' negligent handling of a fire emergency. Specifically, she alleges that the defendants negligently failed to prevent traffic from entering into the area of the fire and that they negligently failed to warn the pedestrians of the dangers presented by the fire. Furthermore, the plaintiff alleges that CT Page 3695 the fire department negligently failed to secure the firehose and that it negligently failed to follow standard, written policy and operation procedures.
Counts one through three allege statutory indemnification for the negligence of the fire department, the police department and the City of Hartford pursuant to General Statutes §§ 7308[1]
and 7-465, respectively.[2] Counts four through six allege liability for each of the defendants' negligence pursuant to General Statutes § 52-577n.[3] Counts seven through nine allege a cause of action against each of the defendants for common law negligence.
On February 21, 1997, the defendants filed a motion to strike the plaintiff's entire complaint on the ground of governmental immunity. The defendants filed a memorandum of law with their motion and the plaintiff filed a memorandum of law in opposition on April 2, 1997.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 75 (1992).
In ruling on a motion to strike the court is limited "to a consideration of the facts alleged in the complaint. A `speaking' motion to strike (one imparting facts outside the pleadings) will not be granted." Doe v. Marselle, 38 Conn. 360, 364, 660 A.2d 871
(1995). Furthermore, if the "motion [to strike] is directed at the entire complaint it must fail if any of the plaintiff's claims are legally sufficient. Whelan v. Whelan,41 Conn. Sup. 519, 520, 588 A.2d 251 (1991) (Blue, J.).
The defendants argue that the plaintiff's complaint should be stricken in its entirety on the ground of governmental immunity. They contend that because the acts complained of are discretionary in nature, the governmental immunity doctrine insulates them from liability. The plaintiff contends that the defendants are not shielded by governmental immunity because their actions were ministerial in nature. She argues further that even if the court finds the defendants' actions to be CT Page 3696 governmental in nature, the "identifiable person/imminent harm" exception to governmental immunity applies.
"A municipality is immune from liability for the performance of governmental acts. Governmental [or discretionary] acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature . . . On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action." (Citations omitted.) Gauvin v. New Haven, 187 Conn. 180,184, 445 A.2d 1 (1982)."Generally, liability may attach for a negligently performed ministerial act, but not for a negligently performed governmental or discretionary act." Koloniak v. Boardof Education, 28 Conn. App. 277, 281, 610 A.2d 193 (1992).
"Whether the acts complained of . . . were governmental [discretionary] or ministerial is a factual question which depends upon the nature of the act [alleged]." Gauvin v. NewHaven, supra, 187 Conn. 186. Accordingly, "[a] determination of whether an act is discretionary [governmental] or ministerial does not lend itself to a resolution by a motion to strike."Ramenda v. Congregation Beth Israel, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 536069 (March 2, 1995) (Hale, STR.). If, however, "it is apparent from the face of the complaint that the municipality was engaging in a governmental function while performing the acts and omissions complained of by the plaintiff, the defendant was not required to plead governmental immunity as a special defense and could attack the legal sufficiency of the complaint through a motion to strike." Brown v. Branford, 12 Conn. App. 106, 111 n. 3,529 A.2d 743 (1987).
It is not apparent from the face of the complaint that the defendant was engaging in a governmental function. The plaintiff alleges that the fire department failed to follow standard, written policy and operation procedures. These policies and procedures could establish ministerial duties for the handling of a fire emergency. See Koloniak v. Board of Education, supra,28 Conn. App. 281-82 (holding that a board of education bulletin created a ministerial duty to keep the walkways clear of snow and ice.)
In deciding a motion to strike, however, the court may not examine documents outside of the pleadings. Therefore, the court may not examine the fire department's policies in order to CT Page 3697 determine, as a matter of law, whether a ministerial duty exists. Thus, the plaintiff alleges sufficient facts to support a cause of action for negligence and indemnification against the fire department (Counts 1, 4 and 7). Because the plaintiff's complaint contains three valid causes of action the defendants' Motion to Strike, which is directed at the entire complaint, is denied.
HENNESSEY, J.