[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGEMENT
 I. Factual Background
Presently before the court is the defendants, motion for summary judgment on counts one through six of the plaintiffs, complaint.
By way of complaint, filed on March 17, 1997, the plaintiffs, Bernard Mullins, Mark Beal and Lisa Mullins, commenced the present action against the defendants, the town of Southington ("the town") and John Weichsel, individually and as the Southington town manager. Under the allegations of the complaint, Bernard Mullins and Mark Beal are Southington police officers; and, Bernard Mullins and Lisa Mullins are husband and wife.
In a six count complaint, the plaintiffs allege the following relevant facts. On or about September 29, 1995, Weichsel received a copy of a three page formal complaint against officers Mullins and Beal. On or about September 29, 1995, Weichsel released his copy of the complaint to the local media, resulting in at least CT Page 9139 three newspaper articles.
Counts one, three and five of the complaint allege that Weichsel is liable for false light invasion of privacy by negligently disseminating the complaint to the press. As a result, the plaintiffs have suffered humiliation, embarrassment, harm to reputation and other mental and emotional injuries. Counts two, four and six of the complaint, directed at the town, seek indemnification under General Statutes § 7-465[1], in the event Weichsel is found liable on counts one, three and five of the complaint.
 II. Standard
Practice Book § 384, now Practice Book (1998 Rev.) § 17-49, "provides that rendition of a summary judgment is appropriate if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. It is appropriate only if a fair and reasonable person could conclude only one way. . . . The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . . A summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party. . . . A directed verdict may be rendered only where, on the evidence viewed in the light mostfavorable to the nonmovant, the tier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed. . . . The facts as well as the evidence must be viewed in the light most favorable to the nonmoving party. . . . The burden of proof is on the moving party and the standards of summary judgment are strictly and forcefully applied." (Brackets omitted; citations omitted; emphasis in original; internal quotation marks omitted.) Miller v. United Technologies, Corp.,233 Conn. 732, 751-52, 660 A.2d 810 (1995).
 III. Discussion
A. Governmental Immunity.
The defendants move for summary judgment on counts one, three and five of the complaint based on governmental immunity. Counts one, three and five of the complaint set forth claims for false light invasion of privacy. In their memoranda, the parties agree CT Page 9140 that the only issue for this court to resolve is whether Weichsel's duties were ministerial or discretionary in nature.
"`A municipality's potential liability for its tortious acts is limited by the common law principle of governmental immunity.Ryszkiewicz v. New Britain, 193 Conn. 589, 593, 479 A.2d 793
(1984). Governmental immunity, however, is not a blanket protection for all official acts. For example, a municipality is immune from liability for the performance of governmental acts as distinguished from ministerial acts . . . (Citations omitted.).Gordon v. Bridgeport Housing Authority, [208 Conn. 161, 167,544 A.2d 1185 (1988).]' (Internal quotation marks omitted.) Heigl v.Board of Education, 218 Conn. 1, 4-5, 587 A.2d 423 (1991)"Kolaniak v. Board of Education, 28 Conn. App. 277, 280,610 A.2d 193 (1992). "`"Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. . . . On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action." (Citations omitted.) Gauvin v. New Haven, 187 Conn. 180, 184, 445 A.2d 1
(1982).' Heigl v. Board of Education, supra, 5. Generally, liability may attach for a negligently performed ministerial act, but not for a negligently performed governmental or discretionary act. Gordon v. Bridgeport Housing Authority, supra, 167-89."Kolaniak v. Board of Education, supra, 280-81.
In the present case, the defendants argue that Weichsel was engaged in a discretionary act and is entitled to immunity. The defendants contend that as part of his duties, Weichsel had to determine under the Freedom of Information Act which town documents required mandatory disclosure to the public and which town documents were exempt from disclosure. The defendants therefore contend that Weichsel's decision whether to disclose town documents, such as the present complaint, was based on his exercise of judgment.
The plaintiffs argue that Weichsel was engaged in a ministerial act, performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action. In support of their argument, the plaintiffs rely on Weichsel's own affidavit as well as the Plaintiff's Exhibit 1, Report Upon Investigation and Recommendation for Dismissal in the action Town of Southington and I. B. P. O., Case No. MPP-17637, dated October 22, 1997. Finally, the plaintiffs argue that the determination of whether the acts are discretionary or CT Page 9141 ministerial involves a question of fact.
"Connecticut appellate courts have previously approved the practice of deciding the issue of governmental immunity as a matter of law. Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988)."[2] Kolaniak v. Board ofEducation supra, 28 Conn. App. 279-80; see also Redfearn v.Ennis, 28 Conn. App. 398, 401, 610 A.2d 1338 (1992) ("the determination of whether the act complained of constituted a ministerial or governmental act is a matter of law for the court to decide."); Heigl v. Board of Education, supra, 218 Conn. 8
(finding the defendant was engaged in a discretionary activity and was therefore immune as a matter of law.)
In Kolaniak v. Board of Education, supra, the plaintiff, an adult education student, slipped and fell on an accumulation of snow and ice on the walkway of a high school classroom building. Id., 278. The board of education, prior to the onset of winter, had issued a bulletin to all custodians and maintenance personnel in Bridgeport indicating that the walkways were to be inspected and kept clean on a daily basis. Id. L, 279. On the day of the incident, the maintenance workers could not remember putting down any sand or salt. Id. The Appellate Court held that the trial court had not improperly refused to charge on the doctrine of governmental immunity because the bulletin made the function ministerial. Id., 280-81.
The court finds Kolaniak v. Board of Education, supra,28 Conn. App. 277 persuasive and applicable to the present case. Weichsel's affidavit reveals that he was advised by the town attorney that complaints against town employees required disclosure to the public.[3] Weichsel's affidavit further states that he relied on this advise and placed the subject complaint in a folder for public inspection. This directive transformed what was once perhaps a discretionary duty by Weichsel into a ministerial duty. Once Weichsel was informed that complaints against town employees were to be made available to the public, any exercise of judgment Weichsel once exercised ceased. Accordingly, it is found that Weichsel's actions were therefore ministerial and he may be liable for misperforming a ministerial act. Accordingly, the motion for summary judgment is denied on that issue.
B. False Light Invasion of Privacy
CT Page 9142
The defendants next advance that summary judgment should enter as to count five of the complaint, sounding in false light invasion of privacy, on the ground that Mrs. Mullins sustained no actionable injury. According to the defendants, the facts reveal that Mrs. Mullins has not been placed in a "highly offensive" light by virtue of the publicized complaint. The defendants maintain that Mrs. Mullins was placed in no light at all.
In opposition, the plaintiff's assert that summary judgment should be denied because questions of fact are present. According to the plaintiffs, whether Mrs. Mullins would have taken serious offensive to the publicized letter is a factual question to be resolved by the tier of fact.
"In order to establish invasion of privacy by false light the plaintiff must show (a) the false light in which the other was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed. . . ." (Citations omitted; internal quotation marks omitted.) Jonap v. Silver, 1 Conn. App. 550, 557-58, 474 A.2d 800 (1984).
"This form of invasion of privacy protects one's interest in not being placed before the public in an objectionable false light or false position, or in other words, otherwise than as he is The essence of a false light privacy claim is that the matter published concerning the plaintiff (1) is not true; . . . (2) is such a major misrepresentation of his character, history, activities or beliefs that serious offense may reasonably be expected to be taken by a reasonable man in his position." (Citations omitted; internal quotation marks omitted.) Jonap v.Silver, supra, 1 Conn. App. 558.
Whether the matter communicated to the public would be "highly offensive" to a reasonable person sufficient to support a false light claim presents a question of fact for the tier of fact. See, e.g., Jonap v. Silver, supra, 1 Conn. App. 559-60. Based on the defendants' motion for summary judgment on counts five and six of the complaint in its present form, the motion for summary judgment on this issue is denied.
C. False Light Claim — Actual Malice.
The defendants move for summary judgment on counts one and CT Page 9143 three of the complaint on the ground that the complaint fails to allege the requisite intent for a false light claim. Counts one and three of the complaint are claims by officers Mullins and Beal. According to the defendants, the plaintiffs, as public officials, must allege actual malice by Weichsel in releasing the complaint to the press. The defendants state that because the complaint alleges that Weichsel negligently released the complaint to the press, summary judgment should enter.
In opposition, the plaintiffs do not directly address this argument. Rather, the plaintiffs maintain that since these counts sound in negligence and involve questions of fact, summary judgment should be denied.
It is well settled that a public official is precluded from recovering damages for false light invasion of privacy unless he or she proves by clear and convincing evidence that the defendant publicized the complained-of matter with "actual malice." SeeTime, Inc. v. Hill, 385 U.S. 374, 87 S.Ct. 534, 17 L.Ed.2d 456
(1967). "Actual malice requires that the statement, when made, be made with actual knowledge that it was false or with reckless disregard of whether it was false." Woodcock v. JournalPublishing Co., supra, 230 Conn. 525, 535, 646 A.2d 92 (1994), cert. denied, ___ U.S. ___ 115 S.Ct. 1098, 130 L.Ed.2d 1066
(1995) Abdelsayed v. Narumanchi, 39 Conn. App. 778, 781,668 A.2d 378 (1995), cert. denied, 237 Conn. 915, cert. denied, U.S. 117 S, Ct. 180, 136 L.Ed.2d 120 (1996). "Moreover, a public official must prove actual malice by the clear and convincing evidence.Woodcock v. Journal Publishing Co., supra; see also Abdelsayedv. Narumanchi, supra.
Our Supreme Court has recognized a police patrolman as a public official for defamation purposes. Moriarty v. Lippe,162 Conn. 371, 378, 294 A.2d 326 (1972); see also Kelley v.Bonney, 221 Conn. 549, 581-82, 606 A.2d 693 (1992).
In the present action, the plaintiffs have not alleged that Weichsel publicized the complaint with "actual malice." It is therefore held that the motion for summary judgment as to counts one and three of the complaint is granted as those counts allege mere negligence. In view of the court's ruling, it is further held that summary judgment is granted as to counts two and four of the complaint, seeking indemnification by the town under General Statutes §§ 7-465, as those counts are dependent upon a finding of negligence in counts one and three of the complaint. CT Page 9144
Conclusion
To summarize, it is held that the defendants' summary judgment motion is granted as to counts one through four of the complaint and denied as to counts five and six of the complaint.
ROBERT F. STENGEL JUDGE, SUPERIOR COURT