[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO STRIKE
On June 27, 2000, the plaintiff Carmine Moffo, III, filed a revised complaint against the defendants, John Voss, principal of Pomperaug High School, and Regional School District Number 15, alleging a single count of negligence based upon the following facts. On March 10, 1994, the plaintiff was a student at Pomperaug High School within Regional School District Number 15, in Southbury, Connecticut. On that date, he was approached by several individuals while on school grounds, and subsequently was assaulted, battered and held against his will. At the time of the incident, John Voss was acting in his official capacity as principal of Pomperaug High School. The plaintiff alleges that the defendants failed to provide adequate security on school grounds, failed to have the assailants removed from school property prior to the attack, failed to prevent the assailants from entering school property, and failed to provide adequate training for their security guard.
On September 29, 2000, both defendants, pursuant to Practice Book § 10-39, filed a motion to strike the plaintiff's entire complaint on the ground that it fails to state a claim on which relief may be granted because the allegations are barred by the doctrine of governmental immunity, and the claims involve public duties that are discretionary in nature. The defendants' motion to strike is accompanied by a memorandum in support. On November 17, 2000, the plaintiff filed a memorandum of law CT Page 16043 in opposition to the motion to strike.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). In ruling on a motion to strike, "the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 580,693 A.2d 293 (1997). "[W]e construe the complaint in the manner most favorable to sustaining its legal sufficiency."(Internal quotation marks omitted.) Gazo v. Stamford, 255 Conn. 245, 260, 765 A.2d 505 (2001). "It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well pleaded facts . . . are taken as admitted." (Internal quotation marks omitted.) Id. "Moreover . . . what is necessarily implied in an allegation need not be expressly alleged." (Brackets omitted; internal quotation marks omitted.)Lombard v. Edward J. Peters, Jr., P.C., 252 Conn. 623, 626, 749 A.2d 630
(2000).
"We have previously determined that governmental immunity must be raised as a special defense in the defendant's pleadings." Westport TaxiServices, Inc. v. Westport Transit District, 235 Conn. 1, 24, 664 A.2d 719
(1995). Where, however, "it is apparent from the face of the complaint that the municipality was engaging in a governmental function while performing the acts and omissions complained of by the plaintiff, the defendant [is] not required to plead governmental immunity as a special defense and [may] attack the legal sufficiency of the complaint through a motion to strike." Brown v. Branford, 12 Conn. App. 106, 111 n. 3,529 A.2d 743 (1987). "Notwithstanding the procedural posture of a motion to strike, [the] court has approved the practice of deciding the issue of governmental immunity as a matter of law." Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). See also LaChancev. Waterbury, Superior Court, judicial district of Waterbury, Docket No. 148936 (February 29, 2000, Doherty, J.).
The defendants move to strike the plaintiff's complaint on the ground that the claims are barred by governmental immunity and General Statutes § 52-557n (a)(2)(B), and the acts complained of are public duties and are discretionary. In opposition, the plaintiff argues that the acts complained of are ministerial, and, therefore, the defendants receive no protection from the statute. The plaintiff argues further that a determination of whether these acts are discretionary or ministerial is a question of fact, which cannot be determined on a motion to strike. Finally, the plaintiff argues that even if the acts complained of are discretionary, the imminent harm exception to governmental immunity CT Page 16044 applies.[1]
"Although municipalities are generally immune from liability in tort, municipal employees historically were personally liable for their own tortious conduct. . . . The doctrine of governmental immunity has provided some exceptions to the general rule of tort liability for municipal employees." (Citations omitted; internal quotation marks omitted.) Purzycki v. Fairfield, 244 Conn. 101, 107, 708 A.2d 937
(1998). "[A] municipality is immune from liability for the performance of governmental acts as distinguished from ministerial acts. . . . Governmental acts are performed wholly for the direct benefit of the public and are supervisory in nature. . . . Ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion." (Brackets omitted; citation omitted; internal quotation marks omitted.)Elliott v. Waterbury, 245 Conn. 385, 411, 715 A.2d 27 (1998).
An "ultimate determination of whether qualified immunity applies is ordinarily a question of law for the court. . . ." (Internal quotation marks omitted.) Purzycki v. Fairfield, supra, 244 Conn. 107-08. If "there are unresolved factual issues material to the applicability of the [doctrine] . . . [the] resolution of those factual issues is properly left to the [fact finder]." (Internal quotation marks omitted.) Id. General Statutes § 52-557n (a)(2)(B) provides in relevant part that "[e]xcept as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by . . . negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law."
As previously set forth, the plaintiff alleges, in pertinent part, that the defendants failed to provide adequate security on school grounds, failed to have the assailants removed from school property prior to the attack, failed to prevent the assailants from entering school property, and failed to provide adequate training for their security guard. With respect to the allegations concerning the failure to provide adequate security or training, there is case law suggesting that such acts are discretionary in nature. See Cancisco v. Hartford, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 519929 (June 27, 1995, Corradino, J.) (acts of the board of education, principal and superintendent, charged with negligence in fashioning adequate security policy, in supervision and hiring, and ensuring security at school, were found discretionary in nature); Farone v. New HavenColiseum, Superior Court, judicial district of New Haven at New Haven, Docket No. 330109 (August 29, 1995, Martin, J.) (providing adequate staff and adequate supervision for the safety of patrons at a high school hockey game is discretionary). CT Page 16045
With respect to the allegations concerning the failure to remove the alleged assailants from school property and the failure to prevent them from entering school property, however, there are factual questions precluding the court from determining whether these actions are discretionary or ministerial. It is unclear from the complaint whether a failure to remove assailants, and a failure to prevent assailants from entering school property is ministerial or discretionary. See Brown v.Branford, supra, 12 Conn. App. 111 n. 3 (a motion to strike on the ground of governmental immunity is improper unless "it is apparent from the face of the complaint that the municipality was engaging in a governmental function . . ."). "Whether the acts complained of . . . are [discretionary] or ministerial is a factual question which depends upon the nature or the act complained of." Gauvin v. New Haven,187 Conn. 180, 186, 445 A.2d 1 (1982).
If the school has a prescribed policy or procedure with respect to preventing individuals from entering school property, or removing individuals from school property, such a duty may conceivably be ministerial. See Kolaniak v. Board of Education, 28 Conn. App. 277,610 A.2d 193 (1992) (if a policy is in place, the defendants may be liable for failing to adhere to its prescribed procedures). Consequently, a determination of whether these allegations are ministerial or discretionary involves a question of fact that must be left to the trier of fact, and is inappropriate to decide on a motion to strike.
For the foregoing reasons, the motion to strike is hereby denied.
While some of the acts alleged in the plaintiff's complaint may be discretionary in nature, shielding the defendants from liability, others may be construed as ministerial, subjecting the defendants to liability. Accordingly, the court need not address whether one of the enumerated exceptions to governmental immunity applies.
By the Court,
Joseph W. Doherty