ARTHUR WOLFE *v.* TOWN OF BRANFORD

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 88941
AT NEW HAVEN

Memorandum filed December 7, 1960

*Morris I. Olmer,* of New Haven, for the plaintiff.

*David E. FitzGerald, Jr.,* of New Haven, for the defendant.

MacDonald, J. The allegations of the first count are based upon negligence and do not fall within any of the three recognized exceptions to our doctrine of governmental immunity for municipal corporations, which are as follows:

(1) Where the municipality creates and maintains a nuisance. This is not alleged in the first count.

(2) Where governmental immunity is waived by statute, as in the case of defective highways and bridges. Plaintiff claims the applicability here of the comparatively recent statute providing for assumption of liability by municipalities for damage caused by their employees. General Statutes § 7-465 (effective October 1, 1957). Just as § 7-308 provides for indemnification of firemen specifically, this statute provides for indemnification for damage caused by all other municipal employees who are the alleged wrongdoers. This statute apparently is intended not to create a new statutory action against the municipality itself but to protect the aggrieved plaintiff as well as the municipal employee when an action is founded upon the negligent act of the latter while "acting in the performance of his duties and within the scope of his employment." How could the municipality defend against a broadside allegation of negligence on the part of "its agents and servants," who are claimed to be within the purview of this statute? Were plaintiff to sue specific employees of the defendant town and recover against them for specific acts covered by this statute, payment of such recovery could undoubtedly be obtained from the town, provided all conditions set forth in the statute had been met, including notice within sixty-days, which, incidentally, is not alleged in the complaint.

(3) Where the government act complained of is ministerial rather than quasi-judicial. Under *Han-*

*non* v. *Waterbury,* 106 Conn. 13, and *Pope* v. *New Haven,* 91 Conn. 79, it would seem that maintaining a skating rink at the Branford community house was a governmental as opposed to a ministerial function, even though a small fee was charged for its use, and did not fall within this exception.

Accordingly, the demurrer to the first count is sustained.

The second count of the complaint is based upon nuisance, but nowhere does it contain an allegation that such nuisance was created and maintained by the town—the only basis upon which a municipality may be held liable upon this theory of recovery. *Hoffman* v. *Bristol,* 113 Conn. 386, 389; *Carabetta* v. *Meriden,* 145 Conn. 338, 339; *Mootry* v. *Danbury,* 45 Conn. 550, 556.

The demurrer to the second count also is sustained.