RICHARD W. SCHLOTT III *v.* PETER ZAREMSKI ET AL.

APPELLATE SESSION OF THE SUPERIOR COURT

FILE NO. 46

Argued June 10—decided July 23, 1975

*Michael E. Grossmann,* for the appellant (plaintiff).

*Anthony M. Fitzgerald,* for the appellees (defendants).

PER CURIAM. On October 31, 1972, Alde M. Blackburn proposed, on a printed form supplied by the plaintiff, to purchase land located on Saw Mill Road in Torrington, Connecticut from the defendants for $61,500. The proposal contained the words "subject to the following terms and conditions a formal contract." The words "subject to the following terms and conditions" were printed, and the words "a formal contract" were typewritten. The proposal, which recognized the plaintiff as sole agent and broker in the transaction, also contained terms as to cash, mortgage, zoning, and other matters not essential for the disposition of this appeal. The proposal was signed by Blackburn and approved, agreed to, and signed by the codefendant Peter Zaremski. No formal contract or agreement was executed by Blackburn and the defendants. Subsequently, Blackburn and Zaremski executed a mutual release wherein the amount of $350 was paid to Blackburn by Zaremski.

The plaintiff assigns as error the granting of the motion for summary judgment and the entering of judgment for the defendants by the court and its conclusion that there is no material issue of fact.

"A broker has fully performed his task when he brings the parties to an enforceable agreement." *Walsh* v. *Turlick,* 164 Conn. 75, 80; *McHugh* v. *Bock,* 134 Conn. 519, 521. An enforceable "agreement is one of which a court of equity might decree specific performance at the instance of either party." *Meagher* v. *Reeney,* 96 Conn. 116, 117. If "the principal accepts the person presented, either on the terms previously proposed or upon modified terms then agreed upon, and enters into a binding and enforceable contract with him for the purchase of the property, the commission is fully earned." *Francis* v. *Baker,* 45 Minn. 83, 84.

In this matter the written proposal and the acceptance by Zaremski did not create a binding and enforceable agreement. The written proposal contained an expressed condition that it was subject to "a formal contract" being prepared and executed. The mere acceptance of the proposal by Zaremski did not create a binding agreement. The phrase "a formal contract" was a condition precedent to the completion of a binding and enforceable agreement, and, until such a contract was executed, the parties were still in the stage of negotiation for "a formal contract." The parties did not intend to be bound until "a formal contract" had in fact been executed. The intention of the parties may be implied from the expressed language used. *Atlantic Terra Cotta Co.* v. *Chesapeake Terra Cotta Co.,* 96 Conn. 88, 101. We agree with the trial court that the plaintiff is not entitled to a real estate broker's commission, as a matter of law, because no binding and enforceable written agreement was entered into

by Blackburn and the defendants. The written proposal is not one which a court of equity would specifically enforce.

We also agree with the trial court that there is no material issue of fact. Where there is no question of fact or law which remains to be answered as appears from the record of this case, a motion for summary judgment should be granted. *Howell* v. *Flemming*, 188 F. Sup. 223, 224. If the sole question is one of law, it could properly be determined on a motion for summary judgment. *Souza* v. *Great Atlantic & Pacific Tea Co.*, 25 Conn. Sup. 174, 175. "A motion for summary judgment is designed to eliminate the delay and expense incident to a trial when there is no real issue to be tried." *Dorazio* v. *M. B. Foster Electric Co.*, 157 Conn. 226, 228.

There is no error.

SPONZO, A. ARMENTANO and HAMILL, Js., participated in this decision.