[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On July 9, 1994, the plaintiff, Karl Pepin, filed a one count complaint against the defendant, Christopher Cacchillo, alleging damages[1] resulting from a one car collision on Beardsley Road in the town of Shelton, Connecticut. The plaintiff filed an amended complaint on March 15, 1995, alleging that on January 17, 1993, after consuming alcohol furnished to him by the defendant, "he steered and operated his vehicle so as to cause it to collide into, upon and against United Illuminating pole #1540." The plaintiff alleges that the defendant sold, delivered and/or dispensed alcohol to the plaintiff, knowing that the plaintiff was a minor and thus not of age to consume alcohol. The plaintiff additionally alleged that the defendant negligently allowed the plaintiff to operate an automobile in an intoxicated condition when he knew or should have known that it was unsafe and unreasonable to do so.
The defendant filed a second amended answer and special defenses on June 26, 1998, to which no objection was filed. The first amended special defense asserts that the plaintiff was negligent in operating his vehicle. The second special defense asserts that the plaintiff's claim that the defendant negligently allowed the plaintiff to operate his vehicle while intoxicated is barred by the applicable statute of limitations.
The defendant filed a motion for permission to file for summary judgment on March 18, 1998, because the case was "exposed for trial the week of July 21, 1998." The court, Silbert, J., granted the defendant's motion on May 4, 1998. CT Page 8994
On May 20, 1998, the defendant filed a motion for summary judgment accompanied by a memorandum of law in which he claimed that he was entitled to summary judgment because no common law cause of action exists in Connecticut against a minor who serves alcohol to another minor who subsequently causes injury to himself or another. The defendant also claimed that there is no cause of action against any party who allows an intoxicated party to operate a motor vehicle. The defendant further claimed that, as a matter of law, the plaintiff cannot establish that his intoxication was the proximate cause of his accident.
On June 26, 1998, the defendant filed a supplemental motion for summary judgment accompanied by a memorandum of law in which he additionally claimed he is entitled to summary judgment as to the plaintiff's allegation that the defendant allowed the plaintiff to operate a vehicle in an intoxicated condition because said allegation was added outside of the statute of limitations period, more than two years and two months after the original complaint was filed, and it does not arise out of the same "single group of facts." Def.'s Suppl. Mem. Opp., dated June 26, 1998, p. 2.
The plaintiff timely filed a memorandum in opposition on June 25, 1998. The plaintiff did not file a supplemental memorandum in opposition.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of any material fact and that the moving party is entitled to judgment as a matter of law. . . ."Thompson and Peck, Inc,. v. Division Drywall, Inc.,241 Conn. 370, 374, 696 A.2d 326 (1997).
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." Home Ins. Co. v. Aetna Life andCasualty, supra, 235 Conn. 202. "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact, together with the evidence disclosing the existence of such an issue . . . ." (Citations omitted; internal quotation marks omitted.) Id. "To oppose a motion for summary judgment successfully, the nonmovant must recite specific CT Page 8995 facts . . . which contradict those stated in the movant's affidavits and documents." Connecticut National Bank v. GreatNeck Development Co., 215 Conn.. 143, 148, 574 A.2d 1298 (1990). "Only evidence that would be admissible at trial may be used to support or oppose a motion for summary judgement." Home Ins. Co.v. Aetna Life Casualty Co., supra, 202-03.
"Where there is no question of fact or law which remains to be answered . . . a motion for summary judgment should be granted. If the sole question is one of law, it [can] be properly determined on a motion for summary judgment." (Citations omitted.) Schlott v. Zaremski, 32 Conn. Sup. 567, 568-69,345 A.2d 588 (1975).
The defendant claims that he is entitled to summary judgment because no common law cause of action exists against a minor who serves alcohol to another minor who subsequently causes injury to himself or another.
The plaintiff opposes the motion, arguing that although no appellate court has spoken to the specific question of whether a minor may be found liable in negligence for furnishing alcohol to another minor, the facts of this case are controlled by the Supreme Court's decision in Ely v. Murphy, 207 Conn. 88,540 A.2d 54 (1988), and by two superior court decisions, Marinaccio V.Zaczynski, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 565999, (May 14, 1998) (Hennessey,J.) (22 CONN. L. RPTR. 159), and Madigan v. Kerrigan, Superior Court, judicial district of Waterbury, Docket No. 132101, (September 2, 1997) (Handy, J.) (20 CONN. L. RPTR. 350), which employ the Ely rationale.
"At common law it was the general rule that no tort cause of action lay against one who furnished, whether by sale or gift, intoxicating liquor to a person who thereby voluntarily became intoxicated and in consequence of his intoxication injured the person or property either of himself or of another. The reason generally given for the rule was that the proximate cause of the intoxication was not the furnishing of the liquor, but the consumption of it by the purchaser or donee. The rule was based on the obvious fact that one could not become intoxicated by reason of liquor furnished him if he did not drink it." (Internal quotation marks omitted.) Ely v. Murphy, supra, 207 Conn. 93.
In Ely v. Murphy, supra, 207 Conn. 95, however, the court reexamined the logic of its common law decisions in the context CT Page 8996 of adult social hosts who provided alcohol to minor guests at a graduation party. The court held that as "minors were incompetent to assimilate responsibly the effects of alcohol and lacked the legal capacity to do so, logic [dictated] that their consumption of alcohol [did] not, as a matter of law, constitute the intervening act necessary to break the chain of proximate causation, and [did] not, as a matter of law, insulate one who [provided] alcohol to minors from liability for ensuing injury."Id., 95.
Two reasons undergird the Ely court's conclusion that the hosts were liable in tort for the guest's death. First, the court reasoned that while it could presume that an intoxicated adult voluntarily exercised a knowing and intelligent choice to consume the intoxicating liquor, it could not make such a presumption about a minor. Id., 93. Second, the court found persuasive the existence of statutes which "reflect a continuing and growing public awareness and concern that children as a class are simply incompetent by reason of their youth and inexperience to deal responsibly with the effects of alcohol."[2] Id., 93-94. See also Bohan v. Last, 236 Conn. 670, 681, 674 A.2d 839 (1996)("With respect to minors, therefore, we conclude that a social host or other purveyor of alcohol will be liable, to the minor served or to innocent third parties thereafter injured, if a court or jury finds, as a matter of fact, a proximate cause relationship between the service of alcohol and the damages ensuing from the minor's consumption of the alcohol").
In Marinaccio v. Zaczynski, supra, Superior Court, Docket No. 565999 (22 CONN. L. RPTR. 159), the court held that the plaintiff stated a legally sufficient claim for the defendant's negligent service of alcohol to the plaintiff, an eighteen year old minor. The plaintiff alleged that he was served and consumed alcohol while a guest of the defendant and that the defendant encouraged him to consume alcohol even though he was visibly intoxicated. Finally, the plaintiff alleged that he operated his car in an intoxicated state, collided into a telephone pole and sustained injury.
The defendant moved for summary judgment, arguing that theEly exception to the common law did not cognize liability for one minor's service of alcohol to another minor. The defendant therefore argued that the Ely analysis immunized her from liability as she was also an eighteen year old minor. The court concluded that the defendant was liable as an adult for service of alcohol to a minor, pursuant to the exception in Ely and CT Page 8997 pursuant to General Statutes § 52-572h,[3] which did not provide a statutory exception to the definition of "minor" set forth in General Statutes § 1-1d.[4] In reaching such a conclusion, the court quoted the reasoning employed by Judge Handy in Madigan v. Kerrigan, Superior Court, judicial district of Waterbury, Docket No. 132101 (August 26, 1997) (Handy, J.)(20 CONN. L. RPTR. 350, 351): It is "General Statutes § 1-1d
[which] establishes who is a minor for the purposes of incurring legal liability in the case of a minor serving alcohol to a minor, not General Statutes § 30-1(12),[5] which merely defines who is a minor for the purposes of establishing a legal drinking age." In adopting the Handy court reasoning, the Hennessey court employed "the well established maxim of statutory construction that when a statute enumerates an exception to a stated general proposition, anything not excepted is conclusively included." Marinaccio v. Zaczynski, supra (22 CONN. L. RPTR. 159), Superior Court, Docket No. 565999. "General Statutes § 30-1 (12) defines `minor' strictly for the purposes of the Liquor Control Act . . . and [is] an exception to the definition in § 1-1d. However, General Statutes § 52-572h does not statutorily define `minor' separately from the definition in § 1-1d. Therefore, as to § 52-572h, the definition in § 1-1d controls."Marinaccio v. Zaczynski, supra, Superior Court, Docket No. 565999 (22 CONN. L. RPTR. 159). But see Carlson v. Sabat, Superior Court, judicial district of Tolland at Rockville, Docket No. 57122, (July 21, 1995) (Klaczak, J.)(14 CONN. L. RPTR. 491) (granting defendant's motion for summary judgment on plaintiff's claim of negligent service of alcohol by one minor to another as no such cause of action); Lebrun v. Callahan, Superior Court, judicial district of New Haven, Docket No. 283355, (May 14, 1991) (Dorsey,J.) (concluding that the Ely court expanded common law liability where an adult serves a minor, but not where a minor serves a minor).
While there is no Connecticut appellate authority on point concerning a minor's negligent service of alcohol to another minor, the trial court in Keson v. Unkel, Superior Court, judicial district of Danbury, Docket No. 311300, (Moraghan, J.)
denied the defendant's motion to strike a negligence claim against a minor who supplied alcohol to another minor who became intoxicated and operated a vehicle.
The defendant was nineteen years old in 1994[6] and the plaintiff was twenty years old.[7] This court adopts the analysis employed in Marinaccio v. Zaczynski, supra, Superior Court, CT Page 8998 Docket No. 565999 (22 CONN. L. RPTR. 159), and Madigan v. Kerrigan, supra, 20 CONN. L. RPTR. 350, and finds, pursuant to General Statutes §1-1d, that the defendant was an adult for purposes of liability for the negligent service of alcohol to the plaintiff. "It is difficult for this court to fathom a contrary result: violate the law by drinking underage, provide another individual with alcohol, and do not worry about the result of those activities — you are exempt from liability because you are not 21, the legal drinking age. This court cannot envision that this is the direction in which our society should be going nor will this court assist it in that direction. Marinaccio v. Zaczynski, supra, Superior Court, Docket No. 565999 (22 CONN. L. RPTR. 159), citing Madiganv. Kerrigan, supra, 20 CONN. L. RPTR. 351.
For the foregoing reason the defendant is not entitled to summary judgment as a matter of law. Under the facts of this case, however, the defendant is an adult for liability purposes; and thus, the plaintiff has stated a legally sufficient claim against an adult for the negligent service of alcohol to a minor pursuant to Ely and pursuant to General Statutes § 52-572h.
The defendant also argues that he is entitled to summary judgment because the plaintiff cannot establish as a matter of law that plaintiff's intoxicated state was the proximate cause of plaintiff's accident. The defendant argues that there is no issue of material fact as to (1) the plaintiff's being the sole operator;[8] (2) that there were no witnesses[9] (3) that the plaintiff was involved in a single car accident;[10] and (4) that the plaintiff has no recollection concerning the events immediately surrounding the accident.[11] The defendant reasons that these material facts taken together with the plaintiffs deposition testimony, in which he averred, "[o]nce I hit my street, I don't recall what happened . . . I just remember waking up in the hospital, surrounded by doctors trying to stick something down my throat, a tube,"[12] necessarily means that the defendant cannot meet his burden of proving "an unbroken sequence of events that connect his injuries to the alleged negligent service of alcohol to him by the defendant." The defendant concludes that he is entitled to summary judgment.
The plaintiff opposes, arguing that sufficient circumstantial evidence exists, which demonstrates that the plaintiff's intoxication was the proximate cause of the plaintiff's accident. The plaintiff attaches his disclosure of expert witness in which he indicates that Dr. Brian Pape, Ph.D, will testify that the plaintiff was legally intoxicated at the time of the accident and CT Page 8999 that this intoxication impacted on his physical capabilities, perception and behavior at the time of the accident. In addition, the plaintiff attempts to refute the defendant's argument that the accident may have been caused by a "sudden emergency such as a deer crossing the roadway" by arguing that prior to the accident he had had no trouble operating the car. Def.'s Mem. Summ. J., p. 25. The plaintiff argues that the statement in the accident report by detective Peter W. Zaksewicq, in which he indicates that the roadway upon which the accident occurred was "dry [and] straight with no apparent defects," constitutes circumstantial evidence that it was not a sudden emergency in the road which caused the accident. The plaintiff reasons that the sum of this evidence raises a question of fact as to proximate cause, which should be put before a jury; therefore, the plaintiff concludes, the defendant's motion for summary judgment should be denied.
"Proximate cause is defined as an actual cause that is a substantial factor in the resulting harm . . . The `test' for proximate cause is whether the defendant's conduct was a `substantial factor' in producing the plaintiff's injury. . . . This substantial factor test reflects the inquiry fundamental to all proximate cause questions, namely, whether the harm which occurred was of the same general nature as the foreseeable risk created by the defendant's negligence . . . the issue of proximate cause is ordinarily a question of fact for the trier of fact and becomes a question of law only when the mind of a fair and reasonable person could reach only one conclusion." (Citations omitted; internal quotation marks omitted.) Shegog v.Zabrecky, 36 Conn. App. 737, 745, 654 A.2d 771 (1995).
On the defendant's summary judgment motion, the burden is not on the plaintiff to prove as a matter of law that the accident was proximately caused by the plaintiff's intoxication. It is the movant's burden to prove that there is no genuine issue of material fact that the intoxication was not the cause of the accident and that therefore the defendant is entitled to judgment as a matter of law.
The question of proximate cause may not be decided as a question of law because the court cannot conclude "that the mind of a fair and reasonable person could only reach [the] one conclusion" that the plaintiffs intoxication was not the cause of his accident. The question of proximate cause is a question of fact appropriate for the trier of fact. CT Page 9000
The defendant also argues that he is entitled to summary judgment on the plaintiff's negligent allowance allegation. The defendant asserts that there is no cause of action against any party who allows an intoxicated party to operate a motor vehicle. The defendant, however, neglects to brief this argument. The defendant also argues that he is entitled to summary judgment as to plaintiff's allegation that the defendant negligently allowed an intoxicated party to operate a vehicle, as said claim is legally insufficient as it was added outside of the statute of limitations period, more than two years and two months after the original complaint was filed, and it does not arise out of the same "single group of facts." Def.'s Suppl. Mem. Opp., dated June 26, 1998, p. 2.
As a threshold matter, this court must deny summary judgment as to the defendant's allegation that no cause of action exists against one who negligently allows an intoxicated party to operate a vehicle. "Claims mentioned but not adequately briefed are deemed abandoned." Pie Plate, Inc. v. Texaco, Inc.,35 Conn. App. 305, 315, 645 A.2d 1044 (1994).
The defendant's additional claim that he is entitled to summary judgment because this allegation was brought more than two years from the date when the plaintiff sustained his injuries, is unavailing. The negligent allowance allegation is timely as it relates back to the negligent acts alleged in the original complaint. "A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief . . . A right of action at law arises from the existence of a primary right in the plaintiff, and an invasion of that right by some delict on the part of the defendant. The facts which establish the existence of that right and the delict constitute the cause of action . . . A change in, or an addition to a ground of negligence or an act of negligence arising out of the single group of facts which was originally claim to have brought about the unlawful injury to the plaintiff does not change the cause of action. It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same, but where an entirely new and different factual situation is presented, a new and different cause of action is stated . . ." (Citation omitted.) Gurliacci v. Mayer,218 Conn. 531, 546-47, 590 A.2d 914 (1991). By complaint dated CT Page 9001 July 19, 1994, the plaintiff alleged that the defendant "sold, delivered and/or dispensed alcoholic beverages to the minor plaintiff, Karl Pepin." By amended complaint, dated March 15, 1995, the plaintiff additionally alleged that the defendant allowed "the plaintiff to operate an automobile in an intoxicated condition, when he knew or should have known that it was unsafe and unreasonable to do so." The claim before the court is against the adult defendant for negligently furnishing alcohol to the minor plaintiff which resulted in that minor causing injury to himself, see Ely v. Murphy, supra, 207 Conn. 95; the plaintiff's amended complaint relates back to the original complaint as it merely "[amplifies and expands] what has already been alleged in support of the cause of action." Gurliacci v. Mayer, supra,218 Conn. 546-47.
For the foregoing reasons the motion for summary judgment is denied.
Howard F. Zoarski Judge Trial Referee