[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISIONRE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The issue presently before this court is whether the defendant town of West Hartford's operation of a public ice skating rink constitutes a governmental function thereby shielding the town from suit under the doctrine of governmental immunity and entitling the town to summary judgment as a matter CT Page 16229 of law in that no genuine issue of material fact exists.
The relevant facts are as follows. On July 3, 1995, Ronald Imfeld (Imfeld), a professional ice skater, was ice skating at Veterans Memorial Skating Rink, which is a public ice skating rink in West Hartford, Connecticut. While ice skating, Imfeld fell and fractured his right ankle. Imfeld's attorney of record in the present action notified the town of West Hartford of the foregoing incident via a certified letter dated December 30, 1995, addressed to the West Hartford Town Clerk.
By way of writ, summons and complaint filed March 25, 1997, Ronald Imfeld brought suit against the town of West Hartford (town) pursuant to General Statutes §§ 7-101 and 7-465. Imfeld alleges that the foregoing statutes impose a statutory duty on municipalities to keep and maintain facilities within territorial limits in a reasonably safe condition. (See Complaint, ¶ 2.) He further alleges that his injuries and losses were caused by the town's breach of the statutory duties imposed on it by General Statutes §§ 7-101 and 7-465. (See Complaint, ¶ 6.) Imfeld alleges that, while he was in the exercise of due care, he was caused to fall by the dangerous and defective condition of the ice in the skating rink. He alleges that the ice was improperly and negligently maintained by the town. Specifically, Imfeld alleges that the town breached its statutory duty by using a defective ice cleaning machine that caused bumps and divots in the ice, which made the ice hazardous and dangerous. He also alleges that the town failed to remedy and correct the hazardous and dangerous condition of the ice, which existed for an unreasonable period of time. In addition, Imfeld alleges that the ice was not safe for its intended uses and purposes and that the town, if it had been in the exercise of reasonable care and inspection, should have known of the hazardous and dangerous condition of the ice and remedied it, but failed to do so. Imfeld further alleges that he suffered and sustained personal injuries and losses as a result of the dangerous condition of the ice that caused him to fall.
By way of answer and special defense filed May 29, 1997, the town asserts three special defenses. The first special defense alleges that Imfeld was contributorily negligent and that such negligence was greater than that of the town's, if any, and bars Imfeld's recovery. The second special defense alleges that Imfeld has or will be indemnified by collateral sources for part or all of the damages that he allegedly sustained. The third special CT Page 16230 defense alleges that the town is immune from suit pursuant to General Statutes § 52-557n(a)(2)(B).
In response to the town's answer and special defenses, Imfeld filed a reply denying all three special defenses asserted by West Hartford.
On December 24, 1997, the town filed a motion for summary judgment, with a supporting memorandum of law, on the ground of governmental immunity. On March 9, 1998, Imfeld filed a memorandum of law in opposition to the town's summary judgment motion. This court now addresses the summary judgment motion before it.
"Summary judgment in favor of the defendant is properly granted if the defendant in its motion raises at least one legally sufficient defense that would bar the plaintiffs claim and involves no triable issue of fact." (Internal quotation marks omitted; emphasis added.) Serrano v. Burns, 248 Conn. 419,727 A.2d 1276 (1999). The Connecticut Supreme Court "has approved the practice of deciding the issue of governmental immunity as a matter of law." Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988). "Connecticut appellate courts have previously approved the practice of deciding the issue of governmental immunity as a matter of law." Kolaniak v. Board ofEducation, 28 Conn. App. 277, 279, 610 A.2d 193 (1992). "There is nothing improper about attacking the legal sufficiency of a complaint by way of a motion for summary judgment in a situation where there is no genuine issue of material fact." O'Connor v.Braun, Superior Court, judicial district of New Haven at New Haven, Docket No. 306480 (April 29, 1994, Hadden, J.).
"The standard of review for summary judgment is well established. Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party CT Page 16231 merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.)Maffucci v. Royal Park Ltd. Partnership, 243 Conn. 552, 554-55,707 A.2d 15 (1998); Practice Book § 17-49.
"In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather todetermine whether any such issues exist." (Emphasis added.) Nolanv. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988). "[T]he trial court does not sit as the trier of fact when ruling on a motion for summary judgment." (Internal quotation marks omitted.)Harvey v. Boehringer Ingelheim Corp. , 52 Conn. App. 1, 5,724 A.2d 1143 (1999).
"Where there is no question of fact or law which remains to be answered . . ., a motion for summary judgment should be granted. If the sole question is one of law, it can be properly determined on a motion for summary judgment." (Citations omitted.) Schlott v. Zaremski, 32 Conn. Sup. 567, 568-69,345 A.2d 588 (1975).
In its motion for summary judgment and accompanying memorandum of law, West Hartford alleges that the maintenance of a skating rink by a municipality is a governmental or discretionary function, not a ministerial function, and, therefore, governmental immunity articulated in General Statutes § 52-557n(a)(2)(B) bars the instant suit. Further, West Hartford cites Wolfe v. Town of Branford, 22 Conn. Sup. 239, 241,167 A.2d 924 (1960) for its finding that Branford's maintenance of an ice skating rink seems more like a governmental function as opposed to a ministerial function. In addition, West Hartford argues that Imfeld has not alleged or satisfied any of the three exceptions to governmental immunity that Connecticut recognizes.
In his memorandum of law in opposition to summary judgment, Imfeld argues that West Hartford is not entitled to governmental immunity because its operation of the ice skating rink was a ministerial function, not a governmental function, to which governmental immunity does not apply. Specifically, Imfeld argues that the cleaning of ice on a skating rink is a ministerial act that does not require discretion and, therefore, immunity does not attach. In support of the foregoing argument, Imfeld relies CT Page 16232 on Kolaniak v. Board of Education, supra, 28 Conn. App. 277, which held that the clearing of snow and ice on a walkway outside of a public school was a ministerial function and, therefore, the town was not afforded the protection of governmental immunity.
A review of the applicable statutory sections regarding municipal liability is necessary. "The legislature has acted to limit governmental immunity in certain circumstances." Williamsv. City of New Haven, 243 Conn. 763, 767, 707 A.2d 1251 (1998). "The legislature has set forth general principles of municipal liability and immunity in General Statutes § 52-557n." Id. Section 52-557n addresses the liability of political subdivisions and its employees, officers, and agents. Subsection (a)(1) of § 52-557n provides that "[e]xcept as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by (A) The negligent acts oromissions of such political subdivision or any employee, officeror agent thereof acting within the scope of his employment orofficial duties; (B) negligence in the performance of functions from which the political subdivision derives a special corporate profit or pecuniary benefit; and (C) acts of the political subdivision which constitute the creation or participation in the creation of a nuisance. . . . (2) Except as otherwise provided by law, a political subdivision of the state shall not be liable fordamages to person or property caused by: (A) Acts or omission of any employee, officer or agent which constitute criminal conduct, fraud, actual malice or wilful misconduct; or (B) negligent actsor omissions which require the exercise of judgment or discretionas an official function of the authority expressly or impliedlygranted by law." (Emphasis added.)
General Statutes § 7-465(a) addresses a municipality's assumption of liability for damage caused by a municipality's employees: "Any town . . . notwithstanding any inconsistent provision of law . . . shall pay on behalf of any employee of such municipality . . . for damages awarded for . . . physical damages to person . . . if the employee at the time of the occurrence, accident, physical injury or damage complained of, was acting in the performance of his duties and within the scope of his employment, and if such occurrence, accident, physical injury or damage was not the result of any wilful or wanton act of such employee in the discharge of such duty. . . . Governmental immunity shall not be a defense in any such action brought under this section. . . ." General Statutes §7-465(a). CT Page 16233
Section 7-465(a) of the General Statutes does not impose liability upon a municipality for breach of any statutory duty of its own, but imposes upon a municipality the obligation of derivative liability for indemnification for legal liability arising out of certain tortious conduct of municipal employees.Ahern v. City of New Haven, 190 Conn. 77, 459 A.2d 118 (1983). "[General Statutes § 7-465] indemnifies municipal employees who, acting in the scope of their employment, become obligated to pay damages for injury to person or property. A plaintiff bringing suit under General Statutes 7-465 first must allege in a separate count and prove the employee's duty to the individual injured and the breach thereof. Only then may the plaintiff go on to. allege and prove the town's liability by indemnification."Sestito v. Groton, 178 Conn. 520, 527, 423 A.2d 165 (1979). "Thus, in a suit under § 7-465, any municipal liability which may attach is predicated on prior findings of individual negligence on the part of the employee and the municipality's employment relationship with that individual." Wu, Administratorv. Town of Fairfield, 204 Conn. 435, 438, 528 A.2d 364 (1987).
General Statutes § 7-101a provides, inter alia, protection for municipal officers and employees from damage suits and for reimbursement of defense expenses. It also addresses the time limit for filing notice and commencing an action against a municipality or municipal employee. Subsection (a) of §7-101a provides that "[e]ach municipality shall protect and save harmless . . . any municipal employee . . . from financial loss and expense . . . arising out of any claim, demand, suit or judgment by reason of alleged negligence . . . on the part of . . . such employee while acting in the discharge of his duties." General Statutes § 7-101a(a).
In defining a governmental act, the Connecticut Supreme Court in Gordon reiterated its adherence to the "public duty doctrine," which distinguishes public duties from private duties as set forth in Shore v. Stonington, 187 Conn. 147, 152, 444 A.2d 1379
(1982), as providing the starting point for the analysis of governmental immunity. "[I]f the duty which the official authority imposes upon an officer is a duty to the public, a failure to perform it, or an inadequate or erroneous performance, must be a public and not an individual injury, and must be redressed if at all in some form of public prosecution. On the other hand, if the duty is a duty to the individual, then a neglect to perform it or to perform it properly, is an individual CT Page 16234 wrong, and may support an individual action for damages." (Internal quotation marks omitted.) Gordon v. Bridgeport HousingAuthority, supra, 208 Conn. 166. "In the application of [the public utility doctrine], the problem is always to determine whether the [action] involved does create a duty to the individual. . . . [I]t appears that the test is this: If the duty imposed upon the public official . . . is of the nature that the performance of it will affect the individual in a manner different in kind from the way it affects the public at large, the [action] is one which imposes upon the official a duty to the individual, and if the official is negligent in the performance of that duty he is liable to the individual." (Internal quotation marks omitted.) Roman v. Stamford, 16 Conn. App. 213, 220,547 A.2d 97 (1988), aff'd, 211 Conn. 396, 559 A.2d 710 (1989).
"Once it is determined that the duty involved . . . is a public duty, the issue of municipal liability may also turn upon whether the specific act in issue was ministerial or discretionary." Id., 221. "The functions of a municipal corporation fall into two classes, those of a governmental nature, where it acts merely as the agent or representative of the state in carrying out its public purposes, and those of a proprietary nature, where it carries on activities for the particular benefit of its inhabitants." (Internal quotation marks omitted.) Couture v. Board of Education, 6 Conn. App. 309, 312,505 A.2d 432 (1986).
"The public/private duty distinction and the ministerial/discretionary test may appear to overlap and this has resulted in a lack of consistent analysis by this states courts."Gordon v. Bridgeport Housing Authority, supra, 208 Conn. 168. "The finding of a public duty is often, but not always, dispositive of whether the act is a discretionary one." Id., 169. "[A]lthough the public duty doctrine provides the starting point of the analysis, distinctions between discretionary acts andministerial acts are often controlling without regard to whetherthe duty is ascertained to be public or private." (Emphasis added.) Id., 170.
"Although municipalities enjoy some limited governmental immunity from liability, they have no sovereign immunity and may therefore sue and be sued as any other natural person, corporation or other entity." Giannitti v. City of Stamford,25 Conn. App. 67, 79, 593 A.2d 140, cert. denied, 220 Conn. 918,597 A.2d 333 (1991). "A municipality's potential liability for its CT Page 16235 tortious acts is limited by the common law principle of governmental immunity." Heigl v. Board of Education, 218 Conn. 1,4, 587 A.2d 423 (1991). "Governmental immunity, however, is not a blanket protection for all official acts. For example, `[a] municipality is immune from liability for the performance of governmental acts as distinguished from ministerial acts. . . .'" Id., quoting Gordon v. Bridgeport Housing Authority, supra,208 Conn. 167. "Government acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature." Gauvin v. New Haven, 187 Conn. 180, 184, 445 A.2d 1
(1982). "The word `ministerial' refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion." (Internal quotation marks omitted.) Evon v.Andrews, 211 Conn. 501, 505, 559 A.2d 1131 (1989).
"The state legislature, however, possesses the authority to abrogate any governmental immunity by statute that the common law gives to the state and municipalities." White v. Burns,213 Conn. 307, 312, 567 A.2d 1195 (1990); see General Statutes §52-557(a)(1)(A) to (C).
The following supreme and appellate court cases cited below have held, when deciding the applicability of governmental immunity, that whether the municipalities' acts constituted governmental or ministerial functions depended on the acts complained of by the plaintiff. The Connecticut Supreme Court inGauvin v. New Haven, supra, 187 Conn. 186, stated that "[w]hether the acts complained of in operating a city park were governmental or ministerial is a factual question which depends upon the nature of the act complained of." The Connecticut Appellate Court in Kolaniak v. Board of Education, supra, 28 Conn. App. 279, refused to "equate the act of clearing snow and ice [on a walk way outside of a public school] by maintenance workers, in accordance with a directive by the policymaking board of education, with the policy decisions that are usually afforded protection by the doctrine of governmental immunity. [It] conclude[d] that it was proper for the trial court to have decided that [the city maintenance workers] were involved in a ministerial function as a matter of law. The refusal to charge on the doctrine of governmental immunity, therefore, was proper." Id., 28 1-82. In view of Kolaniak and Gauvin, the determination of whether a municipality's acts are governmental or ministerial in nature depends on the acts complained of by the plaintiff and on whether any triable issues of fact exist that would preclude a court from deciding the issue as a matter of law. CT Page 16236
With similar reasoning to the appellate level cases cited above, the following superior court cases denied summary judgment motions based on the special defense of governmental immunity on the grounds that genuine issues of material fact existed as to the nature of the defendants' acts. In Shopey v. Lupoli, Superior Court, judicial district of Litchfield, Docket No. 55850 (April 20, 1994, Pickett, J.), the court denied the motion of the defendant city and the defendant fire chief seeking summary judgment on the grounds of governmental immunity, because a genuine issue of material fact existed as to whether the failure to inspect the installation and operation of a fire work display constituted a governmental or ministerial function. The court inAnderson v. Town of East Hartford, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 364257 (February 26, 1992, Aurigemma, J.), relied on Gavin when it denied the defendant town's motion for summary judgment based on its special defense of governmental immunity as to a claim by a patron who was injured when struck in the head by a golf ball at a golf course operated by the defendant town. In Trimpert v.Bridgewater Fire Department, Superior Court, judicial district of Litchfield, Docket No. 069074 (September 19, 1996, Pickett, J.), the court also relied on Gavin and Anderson when it denied the defendant town's summary judgment motion claimed on the ground of governmental immunity, because genuine issues of material fact existed as to whether the acts complained of in the town's operation of the fair grounds were governmental or ministerial functions.
As to Wolfe, the superior court case relied on by the town, this court finds Wolfe unpersuasive and notes that it is not binding and was decided decades before the authoritative and binding supreme court case of Gavin. The town, as the party seeking summary judgment, has not met its burden of proof showing the nonexistence of any material fact. This court finds that whether the maintenance of ice on a skating rink "requires the exercise of judgment or discretion as an official function," pursuant to General Statutes § 52-557n(a)(2)(B), is a triable question of fact.
For the foregoing reasons, this court finds that whether the town's acts complained of by Imfeld in the town's operation of a public ice skating rink constitute governmental or ministerial functions is a genuine issue of material fact for the trier of fact. "The constitutional right of trial by jury includes the CT Page 16237 right to have issues of fact as to which there is room for a reasonable difference of opinion among fair-minded [persons] passed upon by the jury and not by the court." State v. Wooten,227 Conn. 677, 696, 631 A.2d 271 (1993). Because a genuine issue of material fact exists as to whether the town's operation of the ice skating rink is a governmental or ministerial act, West Hartford is not entitled to judgment as a matter of law. Therefore, the defendant town of West Hartford is hereby denied summary judgment as to its special defense of governmental immunity.
WILLIAM L. WOLLENBERG SUPERIOR COURT JUDGE