[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT McDONALD'S MOTION FOR SUMMARY JUDGMENT
Defendant McDonald's Corporation (McDonald's) moves for summary judgment, claiming it did not possess or maintain control over the restaurant premises where the plaintiff Rita Farrell (Farrell) allegedly fell. McDonald's claims that its franchisees and lessees, co-defendants Timothy Scussel and Mary Ann Scussel both doing business as Scussel Enterprises, (collectively Scussel), expressly contracted to take possession of the premises and to be responsible for its maintenance and repair.
Farrell sued McDonald's and the defendants Scussel for personal injuries and losses sustained as a patron when she slipped and fell on the walkway at a McDonald's restaurant located at 385 Enfield Street in Enfield, Connecticut on December 10, 1996. Farrell alleges that as she exited the southerly side of the restaurant and began to walk towards the parking area she was caused to fall due to accumulated ice or snow. CT Page 2224
McDonald's owns the subject premises, that was leased to Harold and Belle Rosen; they in turn assigned and transferred their lease to the defendants Scussel. The defendants Scussel also entered into a franchise agreement with McDonald's. Both agreements were in effect at the time of the alleged fall.
"The standard of review for summary judgment is well established. Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . ." (Internal quotation marks omitted.) Maffucci v.Royal Park Ltd. Partnership, 243 Conn. 552, 554, 707 A.2d 15
(1998).
"The existence of the genuine issue of material fact must be demonstrated by counter-affidavits and concrete evidence." 2830Whitney Avenue Corp. v. Heritage Canal Development Associates,Inc., 33 Conn. App. 563, 567, 636 A.2d 1377 (1994). "Where there is no question of fact or law which remains to be answered . . . a motion for summary judgment should be granted. . . . If the sole question is one of law, it could properly be determined on a motion for summary judgment." (Citations omitted.) Schlott v.Zaremski, 32 Conn. Sup. 567, 568-69, 345 A.2d 588 (1975).
McDonald's argues that liability for injuries caused by defective premises is based upon possession and control, not ownership. McDonald argues that, as a landlord, the common law imposes on it only a duty to maintain areas of the premises over which it exercises control, and that landlords do not have a duty to maintain any portion of the premises that is in the exclusive possession and control of a tenant. McDonald's further argues that whether a landlord reserves control is best determined by the intent of the parties as expressed in the terms of their lease, and that if such terms are plain and unambiguous then they are not subject to interpretation.
McDonald's insists that the terms of its lease with the defendants Scussel unambiguously places control and possession ofMaffucci v. Royal Park Ltd. Partnership, supra, 243 Conn. 566. CT Page 2225 "The issue of whether a defendant owes a duty of care is an appropriate matter for summary judgment because the question is one of law." Pion v. Southern New England Telephone Co.,44 Conn. App. 657, 660, 691 A.2d 1107 (1997).
While McDonald's is the owner of the premises, "[l]ability for an injury due to defective premises does not depend on title, but on possession and control." Farlow v. Andrews Corp.,154 Conn. 220, 225, 224 A.2d 546 (1966). "[A]s a matter of common law, although landlords owe a duty of reasonable care as to those parts of the property over which they have retained control, landlords generally do not have a duty to keep in repair any portion of the premises leased to and in the exclusive possession and control of the tenant. . . . The common law imposes on landlords only a duty to maintain in reasonably safe condition those areas of their premises over which they exercise control. . . ." (Citations omitted; internal quotation marks omitted.) Gore v. People's Savings Bank, 235 Conn. 360, 374-75,665 A.2d 1341 (1995).
Whether control of the premises has been retained by the lessor is determined by examining the terms of the lease. See Martel v.Malone, 138 Conn. 385, 388-89, 85 A.2d 246 (1951). "A lease is a contract . . . and its construction presents a question of law for the court." (Citations omitted.) Robinson v. Weitz,171 Conn. 545, 551, 370 A.2d 1066 (1976). When the language of a written lease is plain and unambiguous, it is not subject to interpretation or construction. See Central New Haven DevelopmentCorp. v. La Crepe, Inc., 177 Conn. 212, 215, 413 A.2d 840 (1979).
Correspondingly, various provisions of the lease agreement become crucial to the inquiry whether McDonald's had control over the premises at the time of Farrell's fall. Paragraphs 2.08[1]
and 4.02[2] of the lease clearly and unambiguously state that the lessees Scussel are to maintain the entire premises in good condition and repair. No provision in the lease or franchise agreement contradicts those paragraphs. Pursuant to paragraphs 4.02 and 2.08 the defendants Scussel, not McDonald's, was in possession and control of the premises.
While Paragraph 6.06[3] does give McDonald's the right to repair the building in the event of fire or other casualty it fails to raise an issue of material fact as to who had control over the removal of ice and snow from the exterior of the premises where the fall is alleged to have occurred. The control CT Page 2226 must relate to the condition and location of the injury. SeeHobart v. McDonald's Restaurant of Connecticut, Superior Court, judicial district of New Haven at Meriden, Docket No. 263193 (July 19, 1999, Beach, J.) ("the notion of possession and control must relate to the condition that caused the injury and not merely the premises where the injury occurred.")
Further, absent evidence that McDonald's ever repaired the building, paragraph 6.06 fails to establish control by McDonald's. See Charest v. Burger King Corp., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 395749 (March 3, 1993, Aurigemma, J.) (8 C.S.C.R. 369) (holding that absent evidence that the lessor actually did make repairs to the premises, reliance on language in the lease permitting the lessor to enter the premises to make repairs in the event that the tenant failed to do so was insufficient to create a genuine issue of fact).
Nor does Paragraph 7.01, the right to inspect provision[4] in the lease, raise a genuine issue of material fact as to whether McDonald's had control over the premises. The right to inspect in this context does not mean and is not equivalent to the right to control. For example, the rights to inspect food production or quality of service, matters important to any franchise, are not determinative of control over the premises. The procedurally and factually similar case of Hobart v. McDonald's Restaurant ofConnecticut, supra, Superior Court, Docket No. 263193, is persuasive in this regard. There, the court granted McDonald's summary judgment, holding that it did not have control over the premises regardless of the right to inspect provision of the lease agreement. The Hobart court stated that "[t]hese provisions . . . appear to be standard reservations of rights which are common in the commercial leasing context. Their primary function is to give the franchiser some ability to intervene, should it seem necessary to uphold the franchise's standards. . . . Regardless of the provisions regarding intervention, specifically rights of entry and inspection, McDonald's cannot reasonably be said to have been in control of the daily operation of the restaurant within the subject premises; in the circumstances, it had no duty regarding the alleged condition causing injury." Id.
McDonald's was not in possession or control of the premises or of the daily business operations at the time of Farrell's alleged fall. Under the clear and unambiguous language of the lease CT Page 2227 agreement, McDonald's had no duty to keep and maintain the premises, including the removal of snow and ice from the outdoor walkways and parking areas. Defendants Scussel were responsible for the maintenance and upkeep of the restaurant's premises.
There being no genuine issue of material fact as to McDonald's lack of control of the premises where Farrell allegedly fell, McDonald's is entitled to summary judgment as a matter of law. McDonald's motion for summary judgment is granted.
James T. Graham Superior Court Judge